201 So.2d 568 (1967)
UNIVERSITY FEDERAL SAVINGS AND LOAN ASSOCIATION OF CORAL GABLES, a Corporation Organized under the Laws of the United States of America, Petitioner,
v.
Frank W. LIGHTBOURN and Dorothy V. Lightbourn, His Wife, and Martin Alan Winters, Respondents.
No. 1135.
District Court of Appeal of Florida. Fourth District.
April 20, 1967.
*569 Clarence Steiner and John Kirk McDonald, of Turner, Hendrick, Fascell & Gruilford, Coral Gables, for petitioner.
Henry M. Schmerer, of Ruden, Barnett & McClosky, Fort Lauderdale, for respondents.
WALDEN, Chief Judge.
The defendant, petitioner in this court, University Federal Savings and Loan Association of Coral Gables, requests issuance of a writ of certiorari to review an order denying its motion to reopen and vacate a default judgment entered in favor of plaintiffs, respondents in this court.
While we are impressed that the default was erroneously entered for that defendant's responsive pleadings were timely filed with the court and served upon counsel, which events occurred prior in point of time to the entry of default by the clerk (Rules 1.4(b), 1.4(d), 30 F.S.A., and 2.9(a), 31 F.S.A., F.R.C.P., 1966; and Gilmer v. Rubin, Fla.App. 1957, 98 So.2d 367), and while we are further impressed that common law certiorari is a proper vehicle with which to obtain review of this interlocutory order entered in a law action in that the continuation of the default status throughout the remainder of the proceedings represents a departure from the essential requirements of the law which can be reasonably expected to cause material injury for which the remedy by full appeal after final judgment will be inadequate (see Girten v. Bouvier, Fla.App. 1963, 155 So.2d 745; Fla.Civ.Prac. After Trial, §§ 6.17 and 17.18; and 5 Fla.Jur., *570 Certiorari, § 31), we find that we lack jurisdiction to officially make such pronouncement.
The order in question was entered on September 21, 1966. In addition to denying defendant's motion to reopen and vacate the default, it also granted the defendant's motion for change of venue and at that time transferred the cause to the Eleventh Judicial Circuit in and for Dade County, Florida. This portion of the order appears to have satisfied the parties and was not assigned as an appellate grievance. Thus we assay it on our own motion. F.A.R. 3.7(i).
This transfer authorized by F.S.A. § 53.17 entails the physical transmittal of the trial court records from Broward County to Dade County. It served to divest the Circuit Court in Broward County of further jurisdiction in the case. It thereafter had no jurisdiction of the subject matter of the cause, the parties, thereto, or any matter incident thereto, and it could not make any further order or take any steps in the case. 92 C.J.S. Venue § 202.
Upon the venue change, the Circuit Court in Dade County became vested with complete jurisdiction of the cause which was as full and complete as if the action had been originally commenced therein. It thereby acquired jurisdiction of the subject matter of the cause, all of the parties thereto and all incidents thereto. It was entitled to make any order which might have been entered by the court in which the action originated. It could reconsider a previous ruling in the cause, vacate it, and make a modified or contrary ruling. 92 C.J.S. Venue § 207.
It is our view that upon transfer of venue from Broward County to Dade County, the Circuit Court in Dade County became the only trial court possessing the power to vacate the default and that therefore any appellate correction of the order in question would necessarily be directed to the Circuit Court in Dade County.
Article V, Section 5, Constitution of the State of Florida, F.S.A., provides for the creation of four or more appellate districts and provides and limits the jurisdiction of each appellate district court to those counties prescribed by the legislature for inclusion in its district.
Chapter 35, F.S.A., lists the counties included in the several districts, and we learn therefrom that Broward County is found in the Fourth Appellate District while Dade County is in the Third Appellate District.
With the foregoing state of affairs it is apparent that we lack jurisdiction over Dade County and that any effort that we might make to correct the order directed to the Circuit Court in Broward County would be a nullity. Thus we say without difficulty that this application properly belongs in the District Court of Appeal, Third District.
Are we empowered to merely transfer the petition to the Third District Court of Appeal? Such procedure is specifically authorized by F.A.R. 2.1(a) (5) (d) when the jurisdiction of an appellate court has been improvidently invoked. Such transfers have been made by the courts of our state. Maryland Casualty Company v. Marshall, Fla.App. 1958, 106 So.2d 212; National Dairy Products Corporation v. Odham, Fla. 1958, 100 So.2d 394; Codomo v. Shaw, Fla. 1958, 99 So.2d 849.
All circumstances considered the defendant's petition for certiorari shall be transferred by separate order to the District Court of Appeal, Third District, after five days' notice to the parties as provided by F.A.R. 2.1(a) (5) (d).
It is so ordered.
ANDREWS and CROSS, JJ., concur.