290 So.2d 477 (1974)
STATE of Florida ex rel. Robert L. SHEVIN, Attorney General, Relator,
v.
John S. RAWLS, As Chief Judge, et al., Respondents.
No. 44639.
Supreme Court of Florida.
February 13, 1974.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for relator.
John Paul Howard, Jacksonville, and David R. Best, of Best & Sears, Orlando, for respondents.
*478 DEKLE, Justice.
We have for consideration a suggestion for writ of prohibition directed to the Judges of the First District Court of Appeal, the State contending that such court was without jurisdiction over the attempted appeals from the criminal convictions of defendants below, Resnick and Hicks. We have jurisdiction pursuant to Art. V, § 3(b)(4), Fla. Const., F.S.A.
Defendants were indicted for murder in Lake County (in the second appellate district), obtained a change of venue to St. Johns County (in the first appellate district), where they were convicted, sentenced and judgment was entered. The state attorney advised them of their right to appeal "to the 2nd DCA." The case was then transferred back to Lake County, where notices of appeal to the 2nd DCA were filed. The 2nd DCA held that its jurisdiction was improvidently invoked, and accordingly transferred the appeals to the 1st DCA under F.A.R. 2.1(a)(5)(d), 32 F.S.A.[1] The State moved to quash the appeals for lack of jurisdiction, asserting that notice of appeal must be filed in the lower court which entered judgment, here the Circuit Court for St. Johns County. The motion was denied, suggestion for writ of prohibition filed here, and our rule nisi issued.
Hicks has moved to amend our rule nisi to make him a party to the rule, urging that his right to appellate review is at stake. This motion is granted, and our rule nisi is so amended. Department of Public Safety v. Koonce, 147 Fla. 616, 3 So.2d 331 (1941).
Both defendants have moved to transfer the causes to the 2nd DCA in the event that we hold the jurisdiction of the 1st DCA to have been improvidently invoked, citing F.A.R. 2.1(a)(5)(d). That rule is inapplicable to the present situation, authorizing transfer only by the court whose jurisdiction has been improvidently invoked. While applicable to the 2nd DCA in this action, it is not applicable to this Court under the present circumstances. Accordingly, these motions are denied here.
Both defendants have also moved to have us consider their appeals as proceedings in the nature of petitions for habeas corpus if appellants have lost their rights of appeal. Inasmuch as we hereafter determine that the right of appeal has not been lost, the motions are denied as being moot.
In reply to our rule nisi, respondents assert that the 1st DCA has jurisdiction over the appeals in that the trial took place in the first appellate district, and that the notices of appeal improvidently invoked the jurisdiction of the 2nd DCA, which transferred the cause pursuant to F.A.R. 2.1(a)(5)(d); alternatively, they assert, if appellants have lost their right of appeal due to the State's action in advising them to appeal to the 2nd DCA, they are entitled to review in the nature of a writ of habeas corpus.
Clearly the timely filing of notices of appeal to the 2nd DCA was done in good faith. The jurisdiction of the 2nd DCA was improvidently invoked within the meaning of F.A.R. 2.1(a)(5)(d). Bauknight v. Sloan & Co., 17 Fla. 281 (1879); University Federal Savings & Loan Assoc. v. Lightbourn, 201 So.2d 568 (Fla.App. 4th 1967). Accordingly, the 2nd DCA acted properly in transferring the causes to the 1st DCA, where jurisdiction of these appeals properly rests.
All contentions herein are met by treating, as we do, the filing of appeals in the 2nd District inadvertently and upon improper advices to defendants, as timely notices of appeal in the 1st District, where the appeals properly lie, and, treated accordingly, the appeals are proper to be *479 heard in the 1st District and writ of prohibition is
Denied.
CARLTON, C.J., and ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] 274 So.2d 589.