SCHEB, Chief Judge.
Gabriel and Margaret Cazares sued The Church of Scientology of California, Inc., and Mary Sue Hubbard in circuit court in Pinellas County. The Church and Hubbard each moved for a change of venue under section 47.101(l)(b), Florida Statutes (1979), on the ground that they could not receive a fair trial in Pinellas County because The Church was odious to the inhabitants of Pinellas County and the people associated Hubbard with The Church because she was the wife of its founder.
Following a hearing the trial court entered its order stating:
[T]hat the Motions for Change of Venue are denied to the limited extent that they seek a recusal of the Court and assignment of the case to another Judge in another Circuit, however,
It is further ORDERED AND ADJUDGED that the Motion is granted in part to the extent that the trial of the cause shall be held in Daytona Beach, Volusia County, Florida.

It is further ORDERED that F.S. 47.-191 shall not be applied to require the movants, MARY SUE HUBBARD and THE CHURCH OF SCIENTOLOGY OF CALIFORNIA INC. to pay taxable costs at this time since the cause has not been transferred away from the Circuit Court for Pinellas County, Florida and that jurisdiction still lies in that Court.
While the court denied The Church and Hubbard’s motions to the extent that they sought recusal, the order indicates that the court concluded that the cause should be transferred. Once the court determined this, it had to enter an order transferring the action to a court of the same jurisdiction in another county. § 47.141, Fla.Stat. (1979). The court’s authority at that point was limited to entry of an order transferring jurisdiction. Kern v. Kern, 309 So.2d 563 (Fla. 2d DCA 1975); University Federal Savings and Loan Association of Coral Gables v. Lightbourn, 201 So.2d 568 (Fla. 4th DCA 1967).
*811 Further, the court having improperly attempted to retain jurisdiction, it also erred in not requiring The Church and Hubbard, as movants, to pay accrued costs. § 47.191, Fla.Stat. (1979).
Accordingly, we vacate the court’s order, remand, and direct the trial court to enter an order transferring venue in accordance with section 47.141 and directing payment of costs as required by section 47.191.
HOBSON and DANAHY, JJ., concur.