479 So.2d 752 (1985)
RAYMOND, JAMES & ASSOCIATES, INC.; William D. Thatcher; Jimmy R. Pate; and Robert Hook, Appellants,
v.
Jack D. WIENEKE and Paul M. Wieneke, Appellees.
No. 85-1791.
District Court of Appeal of Florida, Third District.
September 17, 1985.
Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey and Mara Beth Sommers, Miami, for appellants.
Welbaum, Zook, Jones & Williams and Betsy L. Warwick, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.

ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
This is an appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) from an order denying the *753 defendants' motion to compel arbitration. The appellees have moved to dismiss the appeal on the ground that before the notice of appeal was filed, the venue of the action below was transferred, on the defendants' motion, from the Circuit Court of the Eleventh Judicial Circuit in and for Dade County to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County. The appellees claim that the transfer of the action to a circuit court within a different appellate district divests this court of jurisdiction to hear an appeal from the order entered by a Dade County Circuit Court. We disagree and, accordingly, deny the motion to dismiss.
The question of whether this court has jurisdiction to determine the propriety of the action of a circuit court which, as here, is within our territorial jurisdiction,[1] is separate and distinct from the questions (a) whether a circuit court which has determined to transfer the venue of an action may thereafter rule on other aspects of the case and (b) whether the circuit court's post-transfer rulings are substantively correct. The latter questions are quite obviously ones which cannot be addressed by the appellate court until it has made the threshold determination that it has jurisdiction to review the action of the circuit court. Thus, implicit in decisions that approve or disapprove of a circuit court's ruling on other matters after transferring venue, see, e.g., Ven-Fuel v. Jacksonville Electric Authority, 332 So.2d 81 (Fla. 3d DCA 1975) (transferring court properly entered order allowing continuation of discovery begun prior to transfer); Straughn v. Grootemaat, 291 So.2d 669 (Fla. 2d DCA 1974) (motion to dismiss is a matter to be considered by the transferee court after change of venue accomplished); Reed Construction Corp. v. State Road Dept., 165 So.2d 816 (Fla. 3d DCA 1964) (ruling on motion to dismiss improper after finding of improper venue); Richard Bertram & Co. v. Barrett, 155 So.2d 409 (Fla. 1st DCA 1963) (improper to consider motion to dismiss after deciding venue change), is that the circuit court's transfer of venue (although perhaps affecting its right to proceed further in the case) does not affect the appellate court's right to review the post-transfer actions of a circuit court situated within the appellate court's territorial boundaries.
Ordinarily, we would, without more, simply deny the motion to dismiss the appeal upon a holding that we have jurisdiction to review an otherwise reviewable order of the Dade County Circuit Court denying the motion to compel arbitration. However, because the appellants themselves have proposed that transfer of the appeal to the Second District Court of Appeal, rather than outright denial of the appellees' motion to dismiss, is the proper disposition of the motion, we feel compelled to address this suggested alternative.
We fully recognize that under Florida Rule of Appellate Procedure 9.040(b), if a proceeding has been commenced in an inappropriate appellate court, that court is empowered to transfer the proceeding to an appropriate court. But where, as here, review of an order of the Circuit Court of Dade County is sought, the appeal is properly commenced in this court. We therefore reject the decisions of the Fourth District Court of Appeal in University Federal Savings and Loan Association of Coral Gables v. Lightbourn, 201 So.2d 568 (Fla. 4th DCA 1967), and Palm Beach County v. Rose, 337 So.2d 985 (Fla. 4th DCA 1976), which, as the appellants point out, support their proposal of transfer.
In both Lightbourn and Rose, the Fourth District ruled that because the circuit court within its district had transferred venue to another circuit court, the transferring court could enter no further orders on other aspects of the case, and that because the circuit court had transferred the venue of the action to a circuit court outside of the *754 Fourth District, the appellate proceeding should be transferred to the appellate district having jurisdiction over the circuit court to which venue had been transferred. Thus, Lightbourn and Rose, rather than demonstrating that the proceeding in the Fourth District was lodged in an inappropriate court and thus required transfer, demonstrate the opposite.[2] As we have pointed out, implicit in any ruling of an appellate court that the circuit court acted improperly when, after transferring venue, it continued to act, is that the appellate court had the jurisdiction ab initio to determine the propriety of the action of the circuit court within its territorial boundaries. Thus, the Fourth District, rather than being an inappropriate court to entertain the proceeding before it, is shown, by its own action, to be the appropriate court. Transfer to another district was as unwarranted in Lightbourn and Rose[3] as it is here.
We therefore deny the appellees' motion to dismiss the appeal and the appellants' motion to transfer the appeal to the Second District Court of Appeal. Our future review of the order denying the appellants' motion to compel arbitration will address whether the trial court, having transferred the venue of the action, was correct in thereafter acting on the motion to compel arbitration and, if so, whether the trial court correctly denied the motion to compel arbitration. If we determine that the trial court, having transferred venue, should not have acted on the motion to compel arbitration, then such motion to compel will, presumably, be heard and ruled upon in due course by the Circuit Court in Pinellas County and its ruling be subject to review in the Second District Court of Appeal.
Motion to dismiss appeal denied; motion to transfer appeal denied.
NOTES
[1] The territorial jurisdiction of the Third District Court of Appeal is composed of the Eleventh (Dade County) and Sixteenth (Monroe County) Judicial Circuits. § 35.04, Fla. Stat. (1985).
[2] Cf. Resnick v. State, 274 So.2d 589 (Fla. 2d DCA 1973) (where, after change of venue to circuit court within First District, trial held, and judgments and sentences against defendants entered in such court, jurisdiction over appeal was improvidently invoked in Second District, notwithstanding lower court's retransfer of file to circuit within the latter district; appeal transferred to First District under former Florida Appellate Rule 2.1(a)(5)(d)), approved, State ex rel. Shevin v. Rawls, 290 So.2d 477 (Fla. 1974).
[3] A close examination of the "transfers" in Lightbourn and Rose reveals that they are illusory. The Fourth District had determined that the trial court's post-change of venue actions were nullities. There was, therefore, nothing for the appellate courts to which the proceedings were being transferred to rule upon. When, at some later time, the circuit court to which venue had been transferred, addressed and ruled on these same matters, its rulings would be properly reviewed by the appellate court having jurisdiction over it, without any transfer from the Fourth District being required.