479 So.2d 754 (1985)
RAYMOND, JAMES & ASSOCIATES, INC., William D. Thatcher, Jimmy R. Pate, and Robert Hook, Appellants,
v.
Jack D. WIENEKE and Paul M. Wieneke, Appellees.
No. 85-1791.
District Court of Appeal of Florida, Third District.
December 17, 1985.
Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey and Mara Beth Sommers; Alex J. Sabo, St. Petersburg, for appellants Raymond, James & Associates, Inc., Jimmy R. Pate and Robert Hook.
Wildt, Quesada & Walker, Jacksonville, for appellant William D. Thatcher.
Welbaum, Zook, Jones & Williams and Betsy L. Warwick, Miami, for appellees.
Before BARKDULL, HUBBART and FERGUSON, JJ.
*755 PER CURIAM.
This case was before us previously on appellees' motion to dismiss the appeal for lack of jurisdiction. We held then that the trial court's transfer of venue to a circuit court in another appellate district did not divest this court of jurisdiction to review the court's order denying a motion to compel arbitration. Raymond, James & Associates, Inc. v. Wieneke, 479 So.2d 752 (Fla. 3d DCA 1985). We left open the question whether the trial court, having transferred venue, could have ruled on the motion to compel arbitration.
The law is well-settled in this district that a trial court may not transfer a case to another jurisdiction and simultaneously rule upon a motion to dismiss or any aspect of the merits of the cause. See Florida Elections Commission v. Smith, 354 So.2d 965 (Fla. 3d DCA 1978); Ven-Fuel v. Jacksonville Electric Authority, 332 So.2d 81 (Fla. 3d DCA 1975); Spalding v. Von Zamft, 180 So.2d 208 (Fla. 3d DCA 1965); Reed Construction Corp. v. State Road Department, 165 So.2d 816 (Fla. 3d DCA 1964). The motion to compel arbitration must be ruled upon by the transferee court.
Order denying motion to compel arbitration is vacated for lack of jurisdiction.