ON MOTION TO DISMISS
PER CURIAM.
Charles Davis (plaintiff) appeals an order of the Circuit Court of the Sixth Judicial Circuit of Pinellas County transferring venue in a pending civil action to Citrus County. Florida Power Corporation (defendant) has moved to dismiss the appeal, maintaining that appellate jurisdiction now lies with the Fifth District Court of Appeal, the appellate district which serves Citrus County. We disagree.
Upon a change of venue the trans-feror court generally loses the power to rule upon other matters pending in the case. Church of Scientology of California, Inc. v. Cazares, 401 So.2d 810 (Fla. 2d DCA 1981). The transferee court becomes vested with jurisdiction over the cause as full and complete as if the action had been originally commenced in that court. University Federal Savings & Loan Association v. Lightbourn, 201 So.2d 568 (Fla. 4th DCA 1967). However, this does not mean that the propriety of the order transferring venue cannot be reached by interlocutory appeal to the court that has appellate jurisdiction over the court which entered the order. See Raymond James & Associates v. Wieneke, 479 So.2d 754 (Fla. 3d DCA 1985).
Florida Rule of Appellate Procedure 9.130(a)(6) provides that review of nonfinal orders authorized by that rule should be brought in the court which would have jurisdiction to review the final order in the cause. The committee notes to the rule explain that “interlocutory review is to be in the court which would have jurisdiction to review the final order in the cause as of the time of the interlocutory appeal.” (Emphasis added.) Thus, if the propriety of the order changing venue in this case were raised in an appeal from the final judgment, the appropriate appellate forum would be the Fifth District Court of Appeal. However, an interlocutory appeal from the very order which changed the venue should be brought in this court since we have appellate jurisdiction over the transferor court.
Although we have not found a decision passing upon this precise question, we note that historically this practice appears to have been followed. See, e.g., Southeastern Office Supply & Furniture Co. v. Barley, 427 So.2d 1139 (Fla. 5th DCA 1983) (fifth district reviewing transfer to Leon County); Hancock v. Wilkinson, 407 So.2d 969 (Fla. 2d DCA 1981) (this court reviewing transfer to Leon County); Wagner v. Nova University, Inc., 397 So.2d 375 (Fla. 4th DCA 1981) (fourth district reviewing order transferring venue to Leon County); Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980) (third district reviewing order transferring venue to Palm Beach County). While certain language in University Federal Savings & Loan Association v. Lightbourn and Palm Beach County v. *36 Rose, 337 So.2d 985 (Fla. 4th DCA 1976), may appear to be contrary to our ruling, we find those cases distinguishable because the propriety of the order changing venue was never challenged in either of them.
Motion denied.
GRIMES, A.C.J., and SCHEB and SCHOONOVER, JJ., concur.