ON MOTIONS TO DISMISS/TRANSFER
COWART, Judge.
This case involves a question of venue of an appeal or jurisdiction of a district court of appeal.
The First District Court of Appeal has jurisdiction over appeals from the Eighth Judicial Circuit which includes the circuit court of Alachua County, Florida. The Fifth District Court of Appeal has jurisdiction over appeals from the Fifth Judicial Circuit which includes the circuit court of Marion County, Florida. Judge Yawn, a retired circuit judge residing in Alachua County, was temporarily assigned by the Chief Justice of the Florida Supreme Court to the Fifth Judicial Circuit to handle the *1256 criminal case of State of Florida v. Leslie Erber, et al., which was filed and then pending in the Fifth Judicial Circuit in and for Marion County, Florida. First, Judge Yawn entered an order dated June 28, 1989, changing the venue of the case to the Eighth Judicial Circuit in and for Alachua County, Florida. There is no contest or challenge to the legality of this order changing venue. Thereafter, Judge Yawn entered an order dismissing two counts of the amended information in the transferred case. The State appealed the dismissal order[1] and filed its Notice of Appeal in the Fifth Judicial Circuit in and for Marion County, and the appeal has been lodged in this court, the Fifth District Court of Appeal. The defendants have moved this court to dismiss the appeal on the grounds that the appeal of the order of dismissal entered after the change of venue should have been filed in the circuit court of Ala-chua County and the appeal lodged in the First District Court of Appeal; alternatively, the defendants argue that this court is without jurisdiction to review an order in a case in a circuit court in the Eighth Judicial Circuit and that this appeal should be transferred to the First District Court of Appeal.
Being retired, Judge Yawn had no jurisdiction to act as a circuit court judge in the Eighth Judicial Circuit or any other judicial circuit in this or any other case, except upon special assignment by the Chief Justice. Under the order of assignment of the Chief Justice, Judge Yawn had jurisdiction only to act as a circuit court judge in the Fifth Judicial Circuit in the case of the State of Florida v. Leslie Erber, et al.
Upon entry of a proper order for a change of venue in a criminal case, jurisdiction over the case vests in the transferee court[2] and thereafter it would appear that the transferor court is without jurisdiction to enter valid orders in the transferred case.[3] Although there is some ancient authority for the proposition,[4] we reject the State’s position that the order for a change of venue is not effective until the court clerk has complied with section 47.172, Florida Statutes, and Florida Rule of Criminal Procedure 3.240(f), and has transferred all necessary court files and papers and copies of records to the transferee court.
However, at this juncture, this ease presents an interesting dilemma. If one focuses on an order of dismissal entered in a case pending in the Eighth Judicial Circuit in and for Alachua County, and the object of the appeal is to have the order in that case quashed or reversed because it was entered by an assigned judge acting without jurisdiction beyond the territorial limits of his assignment, the appeal of the order should be to the First District Court of Appeal and this case should be transferred there for a decision. On the other hand, if one focuses on an assigned trial judge of the Fifth Judicial Circuit in and for Marion County, Florida, and the object of the appeal is to have an appellate court with jurisdiction over that trial judge adjudicate that the trial judge was without authority to enter an order in a case pending in the Eighth Judicial Circuit in and for Alachua County, the appeal and review of the legality of the judge’s act would appear to be with the Fifth District Court of Appeal.
Two district courts of appeal appear to have issued conflicting decisions based somewhat on the difference between these two views.
In University Federal Savings & Loan Assoc. v. Lightbourn, 201 So.2d 568 (Fla. *1257 4th DCA 1967) and Palm Beach County v. Rose, 337 So.2d 985 (Fla. 4th DCA 1976), the Fourth District held that because the circuit court within its district had transferred venue to another circuit court, the transferring court could enter no further orders on other aspects of the case and that because the transferee court was outside the Fourth District, the appellate proceedings should be transferred to the appellate district having jurisdiction over the transferee circuit court.
In Raymond, James & Associates, Inc. v. Wieneke, 479 So.2d 752 (Fla. 3d DCA 1985) however, the Third District disagreed with Lightbourn and Rose and held that despite a change of venue from a circuit court within the Third District to one outside the Third District, the Third District was the proper appellate court to review the propriety of an order (compelling arbitration) issued by the transferor circuit court following the change in venue. The court explained:
... implicit in any ruling of an appellate court that the circuit court acted improperly when, after transferring venue, it continued to act, is that the appellate court had the jurisdiction ab initio to determine the propriety of the action of the circuit court within its territorial boundaries. Thus, the Fourth District, rather than being an inappropriate court to entertain the proceeding before it, is shown, by its own action, to be the appropriate court. Transfer to another district was as unwarranted in Lightbourn and Rose as it is here.
479 So.2d at 754.
Conceptually, it is difficult to separate a judicial order from the act of the judge who entered it or to separate the judicial act of entering an order from the order entered. However, if a distinction is possible, and helpful, or necessary, it would appear that the correct purpose of an appeal is to review the legality of an order entered in a cause pending in a trial court over which the reviewing court has appellate jurisdiction, rather than to review the legality of the act of a trial judge of a court over which the appellate court has reviewing jurisdiction when that trial judge enters an order in a case in a court in which the trial judge does not have jurisdiction to act and over which the appellate court does not have review jurisdiction.
While the answer to the underlying substantive issue on appeal appears to be plain,[5] our conclusion on the procedural question compels us to, and we do hereby, transfer this appeal to the First District Court of Appeal pursuant to Florida Rule of Appellate Procedure 9.040(b) and State ex rel Shevin v. Rawls, 290 So.2d 477 (Fla.1974).
CASE TRANSFERRED.
DANIEL, C.J., concurs.
SHARP, W., J., dissents with opinion.

. Florida Rule of Appellate Procedure 9.140(c)(1)(A).

. See Ammons v. State, 9 Fla. 530 (1861).

. This converse proposition has been adjudicated in civil cases and we see no reason the rule should be different in criminal cases. See, e.g., Davis v. Florida Power Corp., 486 So.2d 34 (Fla. 2d DCA 1986); Raymond, James & Associates, Inc. v. Wieneke, 479 So.2d 752 (Fla. 3d DCA 1985); Church of Scientology v. Cazares, 401 So.2d 810 (Fla. 2d DCA 1981).

.See Swepson v. Call, 13 Fla. 337 (1869).

. Neither party cites to Card v. State, 497 So.2d 1169 (Fla.1986) or argues that, in entering the appealed order of dismissal, Judge Yawn might have been acting as a de facto circuit judge in the Eighth Judicial Circuit in Alachua County. A chief justice’s order of assignment authorizing a retired judge to act may be more substantive than a similar order of assignment which directs a duly elected and acting circuit judge to sit in a different circuit. Even if a de facto judge concept applies, appeal should be to the appellate court with jurisdiction to review the case in which the questioned order was entered.