PER CURIAM.
This case has come before the court on an emergency petition to review an order refusing to allow coverage by the electronic media during the jury selection for the criminal trial of William Lozano. The petition was filed in the Third District Court of Appeal by Michael Vasilinda, an independent television journalist. The Third District transferred the petition to the Fifth District Court of Appeal because venue of *759 the criminal case was transferred from the Eleventh Judicial Circuit to the Ninth Circuit, and the trial judge entering the order to be reviewed has been assigned by the Florida Supreme Court as a judge of the Ninth Circuit. Thus the Fifth District has appellate jurisdiction over the Ninth Circuit.
However, we are unclear whether the transfer of venue and assignment of the trial judge vests appellate jurisdiction in this court for such orders and our uncertainty rests on several grounds; the orders to be reviewed are styled in the Eleventh Judicial Circuit, appear to be filed in the Eleventh Judicial Circuit, and were entered in Miami, Dade County, Florida in the Eleventh Circuit. The Supreme Court order assigning Judge W. Thomas Spencer of the Eleventh Circuit to hear, conduct, try and determine the case as a temporary judge of the Ninth Circuit does not specifically designate this court to hear any interlocutory orders in the cause.[1] The change of venue was effectuated only to ensure the state and the defendant a fair and impartial jury trial which does not impact on appellate jurisdiction.
In State v. Gary, 609 So.2d 1291 (Fla.1992), the Florida Supreme Court pointed out the need for a rule to inhibit trial courts’ from engaging in a “ping-pong game” by transferring a case back and forth, jeopardizing the rights of the parties and undermining confidence in the judicial function. Id., 609 So.2d at 1294. In order to ensure that appellate decisions in this and other transferred cases are rendered by the appellate court with jurisdiction and to avoid the possibility of any appellate ping-pong games, we certify the following question to the Florida Supreme Court as a matter of great public importance:
WHEN THE VENUE OF A CRIMINAL CASE IS CHANGED AND THE CASE TRANSFERRED TO A CIRCUIT COURT IN A DIFFERENT APPELLATE DISTRICT THAN THE ORIGINATING COURT, AND THE CIRCUIT JUDGE WHO ENTERED THE ORDER IS ASSIGNED AS A JUDGE OF THE TRANSFEREE CIRCUIT, IS APPELLATE JURISDICTION FOR INTERLOCUTORY AND FINAL REVIEW VESTED IN THE DISTRICT COURT OF APPEAL WHICH HAS JURISDICTION OVER THE ORIGINATING CIRCUIT COURT OR IS JURISDICTION VESTED IN THE DISTRICT ■ COURT WHICH HAS JURISDICTION OVER THE TRANSFEREE COURT IN WHICH THE TRIAL IS TO BE HELD, AND AT WHAT POINT IN TIME DOES APPELLATE JURISDICTION VEST?
Although we are uncertain of our jurisdiction, the exigent circumstances in this case where a trial is scheduled to commence on Monday, May 10, 1993, only one business day hence, compel us to decide the merits of the petition should the supreme court determine that we have jurisdiction. To do otherwise might render any decision moot. So saying, if jurisdiction is vested in this court, the emergency petition to review the order limiting electronic media access is denied.
The petition seeks review of an order entered May 3, 1993 which adopts the circuit court’s previous order denying the motion to vacate Pre Trial Order I, dated February 25, 1993. It appears that the trial court sua sponte issued a Pre Trial Order I detailing media access and then held a hearing on February 23, 1993 at the request of the media which resulted in a second order on February 25, 1993. Although the appendix to the petition includes Pre Trial Order I entered on February 19, 1993, it does not include the order of February 25, 1993 which is in essence incorporated in the order which is under review. What facts or findings may be contained in that order are unknown. Petitioner argues that insufficient evidence was presented at either the February 23, 1993 hearing or the May 3,1993 hearing on his Motion to Modify Pre Trial Order I, but transcripts of neither hearing are provided, *760 and it may be that the trial judge also relied on evidence presented at other hearings.
Since the Florida Supreme Court held in State v. Palm Beach Newspapers, 895 So.2d 544, 547 (Fla.1981), that findings to support a closure order may be in a written order or in a transcript, the absence of the transcript is fatal to petitioner’s position and compels the affirmance of the trial court. We are not unmindful of Florida Appellate Rule of Procedure 9.200(f)(2), which provides that no proceeding shall be determined because of an incomplete record until an opportunity to supplement the record has been given, but the petitioner seeks emergency relief and the exigencies of the case preclude waiting for the record to be supplemented. Therefore, if this court has jurisdiction, the petition for relief from the order limiting access of the electronic media is denied.
W. SHARP, PETERSON and THOMPSON, JJ., concur.

. This order may have been superceded by subsequent order of the Supreme Court assigning him as a circuit judge for the Second Judicial Circuit. See State v. Lozano, 616 So.2d 73 fn. 2 (Fla. 1st DCA 1993).