WARNER, Judge.
In a case of first impression we are asked to determine whether a circuit court judge acts in excess of his jurisdiction in selecting a jury from one circuit and moving the jury to another circuit for the completion of the trial. We hold that this procedure violates Article V, Section 7 of the Florida Constitution. We therefore grant the petition for writ of prohibition and quash the trial court’s order establishing this procedure.
The petitioner and a codefendant are charged with attempted first degree murder, armed kidnapping and armed robbery in the Thirteenth Judicial Circuit in and for Hills-borough County. The case was assigned to Judge Donald Evans. Because of pervasive pretrial publicity, the two defendants moved for a change of venue. While the court initially denied the motion, after difficulty in selecting an impartial jury in Hillsborough County, the trial court granted the motion and ordered that venue be changed to the Fifteenth Judicial Circuit. Pursuant to her administrative powers, the Chief Justice of the Florida Supreme Court entered an order temporarily assigning Judge Evans to the Fifteenth Judicial Circuit to try petitioner’s case in the Fifteenth Circuit.
Upon its own motion, the trial court reexamined the venue question on July 28, 1993. As a result, the court entered an order which stated that pretrial publicity surrounding the jury selection would not affect the selection of a fair and impartial jury if the jury selection process were conducted in a county other than Hillsborough County. Therefore, the order provided for transfer of the ease to Palm Beach County for the selection of a jury and for transfer back to Hills-borough County for the remainder of the trial with sequestration of the jury in Hills-borough County until completion of the trial. Five days later, the Chief Justice entered an “amended” administrative order assigning and designating Judge Evans “to proceed to the Fifteenth Judicial Circuit Court of Florida, and, as a temporary judge of said court, to select a jury in the above cause and to dispose of all matters considered by the judge in connection therewith.”
Petitioner filed a petition for writ of prohibition in the Second District Court of Appeal claiming that the trial court exceeded its jurisdiction in ordering the trial back to Hillsborough County after a jury is selected in Palm Beach County. After receiving a response, the Second District concluded that the petition was directed to respondent Judge Evans acting in his capacity as a judge of the Fifteenth Judicial Circuit and therefore the Second District lacked jurisdiction to address the merits. Therefore, it transferred the petition to our court. Quite frankly, we are unsure whether Judge Evans thought he was acting as a Fifteenth Circuit Judge when he issued the August order, but as jury selection is to be held in Palm Beach County and he will be acting as a Fifteenth Circuit Court judge in conducting the jury selection and then ordering the jury to return to Hillsborough County for the remainder of the trial, we accept that we are the appropriate court to take jurisdiction of this case.
Petitioner contends that Florida Rule of Criminal Procedure 3.240 requires the removal of the entire case where a change of venue is granted, and respondent had no authority to remove the case only for jury selection with a transfer of venue back to Hillsborough County upon conclusion of jury selection. Respondent counters that nothing in the rule prevents returning the cause to the original county after jury selection. Further, he relies on the inherent authority of the court in conducting the trial and the administrative order of the Chief Justice in appointing him to select a jury in the Fifteenth Judicial Circuit as grounds upon which we should deny the petition. We agree with petitioner that the trial court has *571 no authority to split the jury selection from the trial in the way it did because underlying the change of venue rule are the requirements of the Florida Constitution which circumscribe the rules and the inherent authority of all courts of this state.
Article V, Section 7 of the Florida Constitution states:
A circuit or county court may hold civil and criminal trials and hearings in any place within the territorial jurisdiction of the court as designated by the chief judge of the circuit, (emphasis supplied).
Thus, as Judge Robert P. Smith, Jr. noted in his supplemental opinion in Miami-Dade Water & Sewer Authority v. Cormio, 388 So.2d 1238, 1246 (Fla. 1st DCA1979) “Article V, having carefully placed its courts in geographic territories and geographically logical relationships with each other, expects its courts to act where they are placed and in those judicial relationships exclusively.” Section 7 limits the ability of a judge of any circuit to move a case around. It must be tried and heard within the territorial jurisdiction of the court as defined by the legislature. Section 26.021(13), Florida Statutes (1991), defines the territory of the Thirteenth Circuit as Hillsborough County, and Section 26.021(15), Florida Statutes (1991), defines the Fifteenth Circuit as Palm Beach County. The circuit court of any circuit must hold its trials within the confines of its territorial jurisdiction.
When Judge Evans agreed to change venue, the Chief Justice entered an order temporarily appointing him as a judge of the Fifteenth Circuit to hear and try petitioner’s case. Therefore, as such, he cannot order a trial commenced in Palm Beach County to continue in any territorial jurisdiction other than Palm Beach County. Conversely, if Judge Evans were acting as a Thirteenth Circuit judge, he would lack jurisdiction to order petitioner’s trial to be commenced outside of the territorial jurisdiction of the Thirteenth Judicial Circuit and to summon Palm Beach County jurors for that purpose.
The constitutional restraint is the reason behind the provision in Florida Rule of Criminal Procedure 3.240(i) which states: “The court to which the cause is removed shall proceed to trial and judgment therein as if the cause had originated in that court.” That rule contemplates the complete divestment of jurisdiction of the transferring court. In University Federal Savings & Loan Association of Coral Gables v. Lightboum, 201 So.2d 568 (Fla. 4th DCA1967), this court construed the effect of a change of venue in a civil case where a Broward Circuit Court changed the venue of a case to Dade County. We stated that a venue transfer “entails the physical transmittal of the trial court records from Broward County to Dade County. It served to divest the Circuit Court in Bro-ward County of further jurisdiction in the ease. It thereafter had no jurisdiction of the subject matter of the cause, the parties thereto, or any matter incident thereto, and it could not make any further order or take any steps in the case.” Id. at 570 (emphasis supplied). In declining to take jurisdiction of a petition for writ of certiorari this court noted that Article V of the Constitution set geographical limits on the jurisdiction of the courts. Similarly, under the criminal process, a change of venue is accompanied by the physical transmission of the record of proceedings to the receiving court. Fla. R.Crim.P. 3.240(f). The transferring court loses all further jurisdiction, and the receiving court is confined to its constitutional territorial jurisdiction.
We also reject the contention that the order appointing Judge Evans as a temporary Fifteenth Circuit Court judge implies a decision of the supreme court on the constitutional and procedural issues raised in this cause. The order does not address the issue of the re-transfer of the case to Hillsborough County after jury selection. The Chief Justice has the constitutional authority to assign judges to temporary duty to any court in which the judge is qualified to sit. Article V, § 2(b), Fla. Const. That is the specific authority upon which the Chief Justice relied in entering the order. Such an order is not a “decision” on the jurisdictional validity of contents of the order itself which requires the concurrence of four justices. Article V, § 3(a), Fla. Const.
*572 We are mindful that the trial court acted out of a commendable concern for efficiency in the court system. Nevertheless, these considerations cannot override constitutional mandates. For all of the foregoing reasons we quash the order of Judge Evans, as an acting circuit judge of the Fifteenth Circuit, in ordering the trial to resume in Hillsbor-ough County after the completion of jury selection as it was in excess of his constitutional jurisdiction in accordance with Article V, Section 7 of the Florida Constitution. Because we have expressly construed a provision of the constitution and our decision expressly affects a class of constitutional officers, there is no need to certify a question in this case to the supreme court.
GLICKSTEIN and GUNTHER, JJ., concur.