631 So.2d 1082 (1994)
Michael VASILINDA, etc., Petitioner,
v.
William LOZANO, et al., Respondents.
No. 81726.
Supreme Court of Florida.
February 3, 1994.
*1083 Talbot D'Alemberte, Donald M. Middlebrooks, Thomas R. Julin and Edward M. Mullins of Steel, Hector and Davis, Miami, for petitioner.
Roy Black of Black & Furci, P.A., Miami, on behalf of William Lozano; and Robert A. Butterworth, Atty. Gen., Tallahassee, Katherine Fernandez Rundle, State Atty., and Penny H. Brill, Sp. Asst. Atty. Gen., Miami, on behalf of the State of FL, for respondents.
GRIMES, Justice.
We review Vasilinda v. Lozano, 618 So.2d 758 (Fla. 5th DCA 1993), in which the court certified as a matter of great public importance the following question:

*1084 WHEN THE VENUE OF A CRIMINAL CASE IS CHANGED AND THE CASE TRANSFERRED TO A CIRCUIT COURT IN A DIFFERENT APPELLATE DISTRICT THAN THE ORIGINATING COURT, AND THE CIRCUIT JUDGE WHO ENTERED THE ORDER IS ASSIGNED AS A JUDGE OF THE TRANSFEREE CIRCUIT, IS APPELLATE JURISDICTION FOR INTERLOCUTORY AND FINAL REVIEW VESTED IN THE DISTRICT COURT OF APPEAL WHICH HAS JURISDICTION OVER THE ORIGINATING CIRCUIT COURT OR IS JURISDICTION VESTED IN THE DISTRICT COURT WHICH HAS JURISDICTION OVER THE TRANSFEREE COURT IN WHICH THE TRIAL IS TO BE HELD, AND AT WHAT POINT IN TIME DOES APPELLATE JURISDICTION VEST?
Id. at 759. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
The circumstances prompting this petition arose at the beginning of the well-publicized criminal trial of William Lozano. Lozano, a Hispanic police officer, was convicted of two counts of manslaughter for the killing of two black citizens in Miami. On appeal the court reversed the convictions on the ground that Lozano's motion for change of venue should have been granted. The court reasoned that Lozano could not receive a fair trial in Miami at that time because of the pretrial publicity and the fear of violence should the jury find him not guilty. Lozano v. State, 584 So.2d 19 (Fla. 3d DCA 1991), review denied, 595 So.2d 558 (Fla. 1992).
On remand Judge Spencer granted Lozano's motion for change of venue and ordered that the trial of the case be transferred to the Ninth Judicial Circuit sitting in Orlando. This Court entered an order appointing Judge Spencer as a circuit judge of the Ninth Judicial Circuit for the purpose of trying the case. Judge Spencer then entered a supplemental order transferring the case to the Second Judicial Circuit sitting in Tallahassee. Pursuant to subsequent appellate proceedings, the case was ultimately returned for trial in the Ninth Judicial Circuit. See State v. Gary, 609 So.2d 1291 (Fla. 1992); State v. Lozano, 616 So.2d 73 (Fla. 1st DCA 1993).
In the meantime, Judge Spencer entered an order which had the effect of prohibiting the media from publicly identifying the jurors. The petitioner, a television journalist, filed a motion to modify the order with respect to its prohibition against photographing or televising jurors during the trial. Judge Spencer denied the petition on May 3, 1993. Pursuant to Florida Rule of Appellate Procedure 9.100(d), petitioner sought review of this order in the Third District Court of Appeal. Because of the prior order changing venue, that court transferred the case to the Fifth District Court of Appeal, which has appellate jurisdiction over the Ninth Judicial Circuit. In its opinion, the Fifth District Court of Appeal stated:
[W]e are unclear whether the transfer of venue and assignment of the trial judge vests appellate jurisdiction in this court for such orders and our uncertainty rests on several grounds; the orders to be reviewed are styled in the Eleventh Judicial Circuit, appear to be filed in the Eleventh Judicial Circuit, and were entered in Miami, Dade County, Florida in the Eleventh Circuit. The Supreme Court order assigning Judge W. Thomas Spencer of the Eleventh Circuit to hear, conduct, try and determine the case as a temporary judge of the Ninth Circuit does not specifically designate this court to hear any interlocutory orders in the cause. The change of venue was effectuated only to ensure the state and the defendant a fair and impartial jury trial which does not impact on appellate jurisdiction.
Vasilinda, 618 So.2d at 759 (footnote omitted). In view of its uncertainty, the court certified the question quoted above. However, because the trial was scheduled to commence on May 10, 1993, the court went on to rule against the petitioner on the basis that there was an insufficient record upon which it could determine whether the challenged order was erroneous.
The trial against Lozano proceeded as scheduled, and he was acquitted. The petitioner believes that the Third, rather than the Fifth, District Court of Appeal had appellate *1085 jurisdiction.[1] However, he is more interested in the merits of his petition and argues that Judge Spencer should have allowed voir dire to be "covered by cameras but the prospective jurors' pictures not be shown until at least there was the opportunity for the particularized inquiry of individual jurors" which was contemplated by the case of In re Petition of Post-Newsweek Stations, Florida, Inc., 370 So.2d 764, 779 (Fla. 1979).
The circumstances under which the challenged order was entered appear to be unique, and the concerns of the parties with respect to this case are moot. Therefore, we have concluded that it is unnecessary to pass on the merits of the petition, particularly since it is not the issue that provides this Court with jurisdiction. We will, however, endeavor to answer the certified question.
It seems to be a generally accepted principle that when venue is transferred to another jurisdiction and the case is concluded in the new jurisdiction, review of the final order or judgment is properly commenced in the appellate court which has jurisdiction over the transferee court. Cole v. State, 280 So.2d 44 (Fla. 4th DCA 1973); Resnick v. State, 274 So.2d 589 (Fla. 2d DCA 1973). With respect to review of interlocutory orders, the cases are in disarray.
In University Federal Savings & Loan Association v. Lightbourn, 201 So.2d 568 (Fla. 4th DCA 1967), a Broward County circuit judge entered an order changing venue to Dade County and at the same time denied the defendant's motion to vacate a default judgment. The defendant filed a petition for certiorari directed to the denial of its motion to vacate in the Fourth District Court of Appeal, which has jurisdiction over Broward County. That court held that it had no jurisdiction because venue of the case had been transferred to Dade County. Thus, the court transferred the petition for certiorari to the Third District Court of Appeal, which has jurisdiction over Dade County. Id. at 570. Accord Palm Beach County v. Rose, 337 So.2d 985 (Fla. 4th DCA 1976).
The Third District Court of Appeal took a different approach in Raymond, James & Associates, Inc. v. Wieneke, 479 So.2d 752 (Fla. 3d DCA 1985). In that case, a Dade County circuit judge entered an order changing venue to Pinellas County and at the same time or shortly thereafter denied the defendant's motion to compel arbitration. When the defendant appealed to the Third District Court of Appeal, the plaintiff moved to dismiss because venue had been changed before the notice of appeal was filed. The Third District Court of Appeal differed with University Federal and held that it had jurisdiction rather than the Second District Court of Appeal, which has appellate jurisdiction over Pinellas County. Id. at 753-54. In a subsequent opinion in the same case, the Third District Court of Appeal ruled that because the Dade County circuit judge had transferred jurisdiction she should not have ruled on the motion to compel arbitration. Raymond, James & Associates, Inc. v. Wieneke, 479 So.2d 754, 755 (Fla. 3d DCA 1985).
The case of Davis v. Florida Power Corp., 486 So.2d 34 (Fla. 2d DCA 1986), is also pertinent. There, the plaintiff appealed the order of a Pinellas County circuit judge transferring venue to Citrus County. The defendant moved to dismiss the appeal, maintaining that appellate jurisdiction was in the Fifth District Court of Appeal, which was the appellate district that served Citrus County. The Second District Court of Appeal acknowledged that upon a change of venue the transferee court becomes vested with jurisdiction over the cause as fully and completely as if the action had been originally commenced in that court. Id. at 35. However, the court reasoned:
Florida Rule of Appellate Procedure 9.130(a)(6) provides that review of nonfinal orders authorized by that rule should be brought in the court which would have jurisdiction to review the final order in the cause. The committee notes to the rule explain that "interlocutory review is to be in the court which would have jurisdiction *1086 to review the final order in the cause as of the time of the interlocutory appeal." (Emphasis added.) Thus, if the propriety of the order changing venue in this case were raised in an appeal from the final judgment, the appropriate appellate forum would be the Fifth District Court of Appeal. However, an interlocutory appeal from the very order which changed the venue should be brought in this court since we have appellate jurisdiction over the transferor court.
Id.
The problem is compounded because there was disagreement over the point at which a change of venue becomes effective. In the venerable case of Ammons v. State, 9 Fla. 530 (1861), the court granted the defendant's motion for change of venue from Jackson to Calhoun County. The court in Jackson County then adjourned. The clerk in Jackson County transmitted the record to Calhoun County but omitted some of the papers required by statute. The defendant was convicted in Calhoun County and challenged his conviction on the ground that Calhoun County did not have jurisdiction in that the papers were not complete. This Court rejected the defendant's argument saying that jurisdiction of the case could not be held in abeyance. Id. at 539. Thus, when the court in Jackson County adjourned without revoking the order changing venue, the jurisdiction vested eo instanti in the court in Calhoun County. Id.
Eight years later in Swepson v. Call, 13 Fla. 337 (1869), this Court was again confronted with the issue of when jurisdiction vests after an order granting a change of venue. In holding that the cause remained pending in the transferring county until removal was effected by compliance with the statute which requires the transfer of the essential papers, this Court reasoned:
It also follows that the court named in the order of transfer cannot take the jurisdiction and hear, try and determine a cause until the removal is effected, and this does not occur until "the cause," to wit: the record, pleadings and papers, find a lodgment in the proper clerk's office in the proper circuit. The theory that the jurisdiction of a cause always exists somewhere, and is never in abeyance, is certainly correct, and yet the jurisdiction of the Circuit Court over a cause may be perfect, while the power of the parties and of the judge may be in abeyance by reason of the disqualification of the judge, until the proper steps are effectively taken and the cause removed to some circuit whereof the judge is qualified to hear it.
The judge cannot know that a cause is pending in any county in his circuit except by the evidence of the clerk's endorsement upon the papers. Judgments and decrees can never be entered until after the filing of the pleadings with the clerk. We know of no mode of ascertaining whether a suit is pending anywhere, except by inspecting the records of papers in the proper clerk's office. In the pursuit of such an inquiry, if we find no papers or record in the office showing the existence of a suit, and the clerk informs us that he knows of no such cause, it would be idle to tell us that a suit is pending in that county. In a case like the present, how is the judge to know that a cause has been removed to his circuit, unless the certificate of the order of transfer appears in the record? and how can he know that such an order has been made unless he finds it in the proper office? The order of transfer directs, and the law requires, that all the papers be transmitted "to the clerk of the court to which said cause may be ordered to be transferred, together with a certificate of the order of transfer." It seems to us that the law requires that the papers be delivered into the possession of the clerk before the case is "transferred to" the proper court.
Id. at 354-55 (emphasis in original). The Swepson court distinguished Ammons, stating that the case depended upon "another and different statute." Id. at 355.
The mixed message of Ammons and Swepson created a split decision in State v. Erber, 560 So.2d 1255 (Fla. 5th DCA 1990). In that case, a circuit judge in Marion County entered an order changing venue to Alachua County and thereafter entered an order dismissing two counts of the amended information. The state appealed the dismissal order, and the issue was whether the appeal should *1087 be lodged in the Fifth District Court of Appeal, which has jurisdiction over Marion County, or the First District Court of Appeal, which has jurisdiction over Alachua County. After analyzing the conflict between University Federal and Raymond, James, the Fifth District Court of Appeal concluded that the case should be transferred to the First District Court of Appeal. Id. at 1256-57. In her dissenting opinion, Judge Sharp pointed out that the record in the case still remained in Marion County. Id. at 1259 (Sharp, J., dissenting). Therefore, under the rationale of Swepson, she believed that appellate jurisdiction continued to rest in the Fifth District Court of Appeal. Id. at 1260 (Sharp, J., dissenting).
While these cases cannot be fully reconciled, an analysis of their rationales leads us to adopt the following principles:
(1) Changes of venue in criminal cases do not become effective until the court file has been received in the transferee court. Changes of venue in civil cases do not become effective until the court file has been received in the transferee court and costs and service charges required by section 47.191, Florida Statutes (1991), and Florida Rule of Civil Procedure 1.060 which are applicable to the case are paid.[2]
(2) Appellate jurisdiction is determined at the time the notice of appeal or petition for extraordinary writ is filed. If the change of venue has not yet become effective when the notice or petition is filed, appellate jurisdiction lies in the district court of appeal which serves as the appellate court for the transferor court. That district court of appeal shall retain jurisdiction of the matter before it even though the change of venue is later effected. Once the change of venue has become effective, appellate jurisdiction shall be in the district court of appeal which serves as the district court of appeal for the transferee court, even if the challenged order was entered before the change of venue.[3] Of course, the time for filing appeals and petitions for certiorari shall run from the date of the challenged order.[4]
Applying these principles to the instant case, it is evident that both the Third and Fifth District Courts of Appeal were correct in their conclusion that appellate jurisdiction lay in the Fifth District Court of Appeal. The court file in this case had already been transferred to the Ninth Judicial Circuit almost a month before Judge Spencer entered the order from which the petitioner sought review. Because jurisdiction was already vested in the Ninth Judicial Circuit when petitioner filed his notice of appeal, the Fifth District Court of Appeal was the proper court for appellate jurisdiction. The fact that after the change of venue Judge Spencer entered the challenged order in Miami under the style of the Eleventh Judicial Circuit does not change our conclusion.
We answer the certified question as indicated in this opinion. We recede from Ammons to the extent that our opinion is inconsistent with that case. We do not address the propriety of the order limiting media access and the treatment thereof by the Fifth District Court of Appeal.[5]
It is so ordered.
*1088 OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs specially with an opinion.
BARKETT, Chief Justice, specially concurring.
I agree with the conclusion reached on the facts of this case, but I disagree with the majority's rationale and the rule of law it imposes for determining when a change of venue order becomes effective. I fear that the majority's view does not adequately accommodate modern practice and gives great substantive import to the purely ministerial function of physically transferring a file from one clerk of court to another.
The majority applies Swepson v. Call, 13 Fla. 337 (1869) to hold that a change of venue does not become effective until the original court file has been physically transferred to and received by the clerk of court in the transferee circuit. The majority reaches this conclusion by attempting to reconcile two century-old cases. I suggest that the wiser course is to take a more modern approach in resolving the certified question.
Although Swepson may have made a lot of sense in 1869, it is no longer viable when applied to modern practice. The rationale underpinning Swepson is founded on conditions then existing when there was no photocopying, mass communication, and rapid transportation available. Also, judges did not typically travel with cases after changing venue to other circuits in the state. Thus, transferee courts had no quick and reliable way to know that a cause had been transferred from another part of the state, and they had no way to know what the relevant papers contained until they received the file, a process that could have taken days or longer.
The better rule is to hold that a change of venue order is effective immediately upon entry by the transferor court. This is a simpler and more practical solution, and it can be easily applied to the majority's rule for determining appellate jurisdiction. Under this analysis, appellate jurisdiction would vest in the district court with jurisdiction over the transferee court immediately upon entry of a change of venue order. The district court in the transferee district would have jurisdiction to review any and all matters properly brought before it arising from the trial court, whether the orders were entered prior to or after the change of venue took place, but the district court in the transferor district would retain jurisdiction over orders for which review was sought before the change of venue was entered. See majority op. at 1087.
I nonetheless agree with the result in this case because jurisdiction vested in the Ninth Judicial Circuit upon entry of Judge Spencer's order, and the Fifth District was the proper court in which to seek review of that order.
NOTES
[1] Lozano argues that upon the entry of the order changing venue to the Ninth Judicial Circuit, appellate jurisdiction vested in the Fifth District Court of Appeal. The state concurs but suggests that in criminal cases changes of venue should not become effective until the trial commences in the transferee court.
[2] Section 47.191 states that no change of venue is effective until costs are paid. Rule 1.060 provides for dismissal rather than change of venue if service charges are not paid within thirty days.
[3] Because in some instances the litigants may have difficulty in determining exactly when the change of venue becomes effective, the district courts of appeal should liberally transfer their appellate jurisdiction when it appears that the appeal or petition has been timely filed but directed to the wrong appellate court. See art. V, § 2(a), Fla. Const.
[4] Thus, even if the order changing venue itself is challenged, appellate jurisdiction will depend upon whether the change has been effected when the notice of appeal is filed.
[5] Because it is beyond the scope of our review, we also do not address whether or to what extent a judge who has not been assigned to follow the case to the new venue may participate in the case between the time of the order changing venue and the time that the change of venue becomes effective. Compare Florida Elections Comm'n v. Smith, 354 So.2d 965 (Fla. 3d DCA 1978), and Ven-Fuel v. Jacksonville Elec. Auth., 332 So.2d 81 (Fla. 3d DCA 1975), with Kern v. Kern, 309 So.2d 563 (Fla. 2d DCA 1975).