ON MOTION FOR REVIEW
POLEN, J.
In February of 1998, this court per cu-riam affirmed the trial court’s order which changed venue to Volusia County. By separate order this court granted the former wife’s motion for attorney’s fees “and remanded to determine need and ability and, if necessary, the amount of reasonable attorney’s fees on appeal....” The former wife went back to the Palm Beach County Circuit Court seeking to force the former husband to comply with her request for production of documents related to her claim for appellate fees. The Palm Beach County Circuit Court issued an order in which it found it was not the proper court to determine the issue of appellate fees. It denied the former wife’s motion to compel, without prejudice to refile in Volu-sia County.
The former wife seeks review of the trial court’s order under Florida Rule of Appellate Procedure 9.400(c) which states: “Review of orders rendered by the lower tribunal under this rule [appellate costs and attorneys’ fees] shall be by motion filed in *375 the court within 30 days of rendition.” We grant the former wife’s motion and remand to the Palm Beach County Circuit Court.
A change of venue in a civil case does not become effective until the court file is received in the transferee court and costs and service charges applicable to the case are paid. Vasilinda v. Lozano, 631 So.2d 1082, 1087 (Fla.1994). Appellate jurisdiction to review orders granting a change of venue, like appellate jurisdiction in general, is determined at the time the notice of appeal is filed. Id. The district court of appeal retains jurisdiction of the matter properly before it even though the change of venue is later effected. Id. Thus, jurisdiction over the former wife’s appeal of the order changing venue was properly in this court, and remains in this court until final resolution of this case, which includes resolution of the issue of attorney’s fees relating to the order changing venue.
Our remand to the Palm Beach County Circuit Court is not unlimited, however. By our order directing the trial court to determine need and ability to pay, we did not contemplate full financial disclosure of the kind apparently being pursued by the former wife. The trial court retains total discretion to decide what discovery, if any, is necessary to determine the present circumstances of the parties as to need and ability to pay, and to arrive at an award of appellate attorney’s fees if appropriate.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.