ON THE COURT’S ORDER OF TRANSFER PURSUANT TO RULE 9.040

PER CURIAM.
This is an appeal from an order of the Tenth Circuit Court dismissing or denying appellant’s petition for writ of habeas corpus. Petitioner’s ground for requesting ha-beas corpus amounted to a claim of ineffectiveness of trial counsel. The trial court dismissed the writ, concluding both that such relief must be brought in the sentenc *42 ing court and that a writ of habeas corpus cannot be used to collaterally attack a conviction.
Petitioner appealed to the Second District Court of Appeal. After petitioner filed the initial brief, the state filed a motion to dismiss, arguing that appellant’s petition was essentially an ineffective assistance of counsel claim which should have been filed in the Seventeenth Circuit, the original sentencing court. The Second District Court of Appeal denied the motion to dismiss but transferred the case to this court. We now transfer the case back to the Second District Court of Appeal. This court has no jurisdiction to review orders entered by the trial courts of the Tenth Judicial Circuit. Compare § 35.03, Fla. Stat. (2000), with § 35.042, Fla. Stat. (2000); see also Univ. Fed. Sav. & Loan Ass’n v. Lightbourn, 201 So.2d 568, 570 (Fla. 4th DCA 1967). While it is true that an ineffectiveness claim must be brought before the sentencing court, that does not give this court jurisdiction to review an order of the Tenth Circuit.
POLEN, C.J., GUNTHER and WARNER, JJ., concur.