ROTHENBERG, J.
ON MOTION TO TRANSFER APPEAL TO THE FIFTH DISTRICT COURT OF APPEAL
Michael Hernandez, who was indicted in Miami-Dade County for first degree murder and attempted, first degree murder, tried and convicted in Orange County, and sentenced in Miami-Dade County, appeals the judgment and sentence entered in Miami-Dade County. The issue before this Court is whether jurisdiction to hear Hernandez’s appeal rests with the Third District Court of Appeal or the Fifth District Court of Appeal. We conclude that jurisdiction lies with the Third District Court of Appeal because although the case was transferred from Miami-Dade County to Orange County for trial due to pretrial publicity, it was then transferred back to Miami-Dade County immediately following the trial for the resolution of post-trial matters and the imposition of the judgment and sentence.
Vasilinda v. Lozano, 631 So.2d 1082 (Fla.1994), is controlling. In Vasilinda, the Florida Supreme Court was asked to determine appellate jurisdiction for review of interlocutory and final orders entered by the trial court after venue is transferred in a criminal case. In answering the certified question, the Florida Supreme Court noted it is generally accepted “that when venue is transferred to another jurisdiction and the case is concluded in the new jurisdiction, review of the final order or judgment is properly commenced in the appellate court which has jurisdiction over the transferee court.” Id. at 1085 (emphasis added). Additionally, the court concluded that “[ajppellate jurisdiction is determined at the time the notice of appeal or petition for extraordinary writ is filed.” Id. at 1087.
Applying these clear and unambiguous holdings to the instant case, we conclude that appellate jurisdiction lies with the Third District Court of Appeal. Although venue was transferred to Orange County due to pre-trial publicity, and venue rested with the Fifth District Court of Appeal during pendency of the trial to rule on any interlocutory motions or petitions entered in Orange County, once the case was transferred back to Miami-Dade County and the Clerk of the Court in Miami-Dade County received the court file, Orange County lost jurisdiction and appellate jurisdiction was .transferred to the Third District. This finding is further supported by the fact that post-trial motions, the issuance of the judgment and sentence, and the notice of.appeal all occurred, in Miami-Dade County after Orange County transferred the case back to and the file was received by Miami-Dade County, Because venue was transferred back to Miami-Dade County and the case was concluded in Miami-Dade County, review of the judgment is properly before the Third District Court of Appeal. Accordingly, we deny Hernandez’s motion to transfer his appeal to the Fifth District Court of Appeal.
Because we note that our holding conflicts with Cole v. State, 280 So.2d 44 (Fla. 4th DCA 1973), and Stanek-Cousins v. State, 896 So.2d 865 (Fla. 5th DCA 2005), *8 we certify the conflict for resolution by the Florida Supreme Court.
Motion denied; conflict certified.