GERSTEN, J.
 

 Yacht Club of the Americas, LLC, and others (collectively “Yacht Club”), appeal from an order vacating a prior order transferring this case to the Twentieth Judicial Circuit Court in Lee County (“the transferee court”). We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.040(b)(2) and 9.130(a)(3)(A), and reverse.
 

 •Richard Namon, II, d/b/a EZ Palms (“Namon”) sued Yacht Club for breach of contract. Yacht Club moved to dismiss the action, among other grounds, for improper venue. The trial judge of the Eleventh Judicial Circuit Court in Miami-Dade County (“the transferor court”) granted the motion, ordering transfer of the case from the transferor court to the transferee court.
 

 The transferee court certified receiving the transferred case and the appropriate fees on May 11, 2009. Namon moved the transferor court to vacate the transfer order, and on August 10, 2009, the transferor court vacated its prior order transferring the ease to the transferee court.
 

 On appeal, Yacht Club asserts that the transferor court did not have jurisdiction to enter the order vacating the transfer order. Namon contends that the transfer- or court properly vacated the transfer order. We agree with Yacht Club.
 

 In a civil case, a change of venue becomes effective when the applicable costs and service charges are paid, and the
 
 *50
 
 transferee court receives the court file. § 47.191, Fla. Stat. (2008);
 
 Vasilinda v. Lozano,
 
 631 So.2d 1082, 1087 (Fla.1994). Once the fees are paid and the file is received, the transferee court assumes jurisdiction. The transferor court is without jurisdiction to take any further action in the case.
 
 See Gundersen v. Powell,
 
 840 So.2d 1252, 1253 (Fla. 2d DCA 1976) (holding that “jurisdiction had effectively vested in Martin County when the file was forwarded to the clerk of the circuit court in Martin County and appellant’s counsel paid the filing fee [and] the Hillsborough County Circuit Court was without jurisdiction to make any further order”).
 

 Here, the record shows that the transferee court certified receipt of the case file and the fees on May 11, 2009. On this date, the transferor court was divested of jurisdiction. Thus, the transferor court judge erred in entering the order granting Namon’s motion to vacate the prior transfer order.
 

 Accordingly, we reverse the order vacating the transfer order.
 

 Reversed and remanded.