920 So.2d 1229 (2006)
John THURSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4026.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
John Thurston, Miami, pro se.
No appearance required for appellee.
PER CURIAM.
The order striking appellant's successive 3.800(a) motion is affirmed. Because we find that appellant has abused the right to pro se access to courts by filing repetitious and frivolous pleadings, thereby diminishing *1230 the ability of this court to devote its finite resources to the consideration of legitimate claims, we impose sanctions.
In April 1996, the victim entered the bathroom of her home to clean up for bed. While doing so, she had a strange feeling that she was not alone. To her horror and surprise, upon opening the shower curtain, she found appellant, John Thurston, sitting in her shower. The victim had dated Thurston for about four months until they broke up about three weeks before. Thurston did not have permission to enter the victim's apartment, and the victim had no idea that he was there.
Thurston attacked the victim beating her unconscious. Thurston kept the victim hostage and raped her repeatedly throughout the night. When the victim did not arrive at work the following day, police were called and entered the home with the assistance of the landlord. Police found Thurston naked in bed on top of the victim in flagrante delicto.
The victim had severe bruising about the face and other injuries. The PC Affidavit in the case noted that photos of the victim's injuries showed the following: (1) extensive blunt trauma to her face, head, neck and upper torso; (2) several bite marks on her upper torso and around her breasts; and (3) a bleeding cut on the side of her head. Another detective noted vaginal bruising.
The physical evidence at the scene supported every aspect of the victim's story. Blood was found on the bed. The victim's pajamas and bed linens were found stuffed in the kitchen garbage can. Police also recovered a utility knife which the victim claimed Thurston had used to threaten her. The telephone had been unplugged. In short, the evidence of Thurston's guilt was overwhelming. Additionally, Thurston has a prior forcible rape conviction in Louisiana for which he was previously imprisoned.
In 1997, Thurston pleaded guilty to burglary with a battery and forcible sexual battery and was sentenced in accordance with the plea agreement to seventeen years in prison.[1] Thurston did not appeal the conviction and sentence.
Thurston filed a Florida Rule of Criminal Procedure 3.850 postconviction motion on June 10, 1997, which was denied. Thurston filed another Rule 3.850 motion on November 20, 1998, which was also denied. On May 19, 2000, Thurston filed a rule 3.800 motion to correct illegal sentence which was denied. On January 8, 2002, the trial court denied Thurston's petition for habeas corpus. On April 1, 2002, the trial court denied Thurston's petition for writ of mandamus. On April 8, 2003, Thurston filed another rule 3.850 motion in the trial court which was also denied. But, this was not the end of Thurston's postconviction attacks.
Thurston has appealed virtually every order of the trial court and in every instance the decision has either been affirmed or the appeal dismissed. The following is a list of the numerous proceedings Thurston has initiated in this court and the result thereof:

Case # Type Result
4D02-558 Summary 3.850 Dismissed
4D02-565 Habeas Denial Affirmed
4D02-1623 Criminal Other Affirmed
4D03-2299 Summary 3.850 Affirmed
4D03-3811 Belated Appeal Dismissed
4D03-4380 Summary 3.850 Dismissed
4D04-1630 Civil Other Dismissed
4D04-2336 Criminal Other Dismissed
4D05-659 Civil-Prisoner Dismissed
 Lit.
4D05-915 Summary 3.850 Affirmed
4D05-1533 Summary 3.800 Affirmed

Throughout most, if not all, of these proceedings, Thurston has filed incoherent *1231 and abusive pleadings demanding his immediate release despite a clear lack of entitlement to such relief. The legality of Thurston's convictions and sentences has repeatedly been upheld by the trial court and affirmed by this court on appeal.
Despite all of this, Thurston persisted in filing yet another rule 3.800(a) motion alleging that his sentence was illegal based on a violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The trial court had previously stricken a similar 3.800(a) motion that had raised this precise ground because the court lacked jurisdiction as Thurston had raised the very same issue in another 3.850 motion that was on appeal in this court at the time. See Hines v. State, 714 So.2d 605, 606 (Fla. 4th DCA), rev. dism., 727 So.2d 906 (1998). This court affirmed the denial of that untimely and successive 3.850 motion. Thurston v. State, 902 So.2d 813 (Fla. 4th DCA 2005).
This appeal is at least the third time Thurston has appealed the denial of the same frivolous claim of a violation of Apprendi and Blakely in this court. See Thurston v. State, 902 So.2d 813 (Fla. 4th DCA 2005) (raising the same claim). The claim is utterly without merit, for neither Apprendi nor Blakely are applied retroactively and neither have any applicability to Thurston's case. See Hughes v. State, 901 So.2d 837 (Fla.2005); Figarola v. State, 841 So.2d 576, 577 (Fla. 4th DCA 2003) (holding Apprendi is not retroactive). Thurston has never adequately explained how he might even theoretically be entitled to relief under either Apprendi or Blakely. Invariably, his claims are conclusorily pled and incoherent yet almost always contain the strident assertion that he should be released "immediately."
Although the same issue had already been denied by the trial court and was currently on appeal in this court, Thurston filed two more motions raising exactly the same claim. Thurston then brought two new appeals of this same frivolous issue while precisely the same issue was before this court in the 3.850 appeal in case number 4D05-915. Because Thurston's abuse of judicial procedure is diminishing this court's ability to devote its finite resources to the consideration of legitimate claims, this court ordered Thurston to show cause why the sanction of no longer accepting pro se filings should not be imposed. See State v. Spencer, 751 So.2d 47 (Fla.1999). Thurston's response was an incoherent list of inapplicable cases and rules of appellate procedure that were unresponsive to this court's order.
Thurston has been given notice and an opportunity to be heard but has not asserted any legitimate reason why sanctions should not be imposed. Id. See also Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298 (Fla. 4th DCA 1993). The unceasing abuse of judicial process that has occurred in these proceedings is unacceptable, and at this time, we must say "enough is enough."
Accordingly, we affirm the trial court's order striking Thurston's successive 3.800(a) motion and impose sanctions. We will no longer accept pro se legal documents filed by Thurston in this court. Any legal documents shall be filed on Thurston's behalf only by an attorney licensed to practice law in Florida. We will not entertain any pro se motion for rehearing or any other pro se document directed at our affirmance in this case.
WARNER, POLEN and FARMER, JJ., concur.
NOTES
[1] This sentence was later corrected to 16.958 years based on a violation of Heggs v. State, 759 So.2d 620 (Fla.2000).