PER CURIAM.
 

 Frederick L. Waterfield, Jr. appeals an order of the circuit court which dismissed with prejudice his petition for writ of error
 
 coram nobis
 

 [1]
 
 and Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. The lower court also dismissed several additional documents that were submitted in conjunction with these filings. We dismiss the appeal in this case and caution appellant that continued abuse of judicial process will result in sanctions. The trial court correctly dismissed Water-field’s successive, untimely, and frivolous attacks on convictions that became final nearly a quarter century ago. Some background is necessary.
 

 Waterfield, along with his cousin David Alan Gore, engaged in the serial kidnapping, rape, and murders of women in the 1980’s.
 
 See Gore v. State,
 
 475 So.2d 1205 (Fla.1985) (describing one of the episodes in Gore’s appeal from his convictions and sentence of death). Waterfield was charged in Indian River County in two cases 311983CF000361B (83-361) and 311984CF000481A (84-481).
 

 In 1984, venue in case number 83-361 was transferred to Charlotte County in the Twentieth Judicial Circuit. That case was assigned Charlotte County case number 84-25. Waterfield was convicted in that case of the lesser offense of culpable negligence and sentenced to fifteen years in prison. The Second District Court of Appeal affirmed the conviction and sentence in 1986.
 
 Waterfield v. State,
 
 491 So.2d 562 (Fla. 2d DCA 1986). Waterfield has completed his sentence in that case.
 

 Venue in case number 84^181 was transferred to Lake County in the Fifth Judicial Circuit, and Waterfield was convicted of kidnapping and murder and sentenced to life in prison. The Fifth District Court of Appeal affirmed his conviction and sentence.
 
 Waterfield v. State,
 
 482 So.2d 366 (Fla. 5th DCA 1986).
 

 Since his convictions became final on appeal, Waterfield has filed numerous postconviction challenges and various collateral proceedings in state and federal courts.
 
 E.g., Waterfield v. State,
 
 984 So.2d 521 (Fla.2008);
 
 Waterfield v. State,
 
 900 So.2d 556 (Fla.2005);
 
 Waterfield v. State,
 
 718 So.2d 1235 (Fla.1998);
 
 Waterfield v. Reese,
 
 652 So.2d 819 (Fla.1995);
 
 Water-field v. State, 740
 
 So.2d 553 (Fla. 5th DCA 1999);
 
 Waterfield v. State,
 
 736 So.2d 735 (Fla. 2d DCA 1999);
 
 Waterfield v. State,
 
 705 So.2d 909 (Fla. 2d DCA 1997);
 
 Waterfield v. State,
 
 688 So.2d 925 (Fla. 2d DCA 1997);
 
 Waterfield v. Reese,
 
 668 So.2d 617 (Fla. 2d DCA 1995);
 
 Waterfield v. State,
 
 640 So.2d 1122 (Fla. 4th DCA 1994);
 
 Waterfield v. State,
 
 541 So.2d 1194 (Fla. 5th DCA 1989).
 
 See also Waterfield v. McDonough,
 
 547 U.S. 1196, 126 S.Ct. 2871, 165 L.Ed.2d 903 (2006);
 
 Waterfield v. Florida,
 
 543 U.S. 888, 125 S.Ct. 164, 160 L.Ed.2d 148 (2004);
 
 Waterfield v. Moore,
 
 537 U.S. 917, 123 S.Ct. 302, 154 L.Ed.2d 203 (2002);
 
 Waterfield v. Swigert,
 
 519 U.S. 837, 117 S.Ct. Ill, 136 L.Ed.2d 64 (1996);
 
 Waterfield v. Vocelle,
 
 519 U.S. 837, 117 S.Ct. Ill, 136 L,Ed.2d 63 (1996); Water
 
 field, v. Crosby,
 
 103 Fed.Appx. 668 (11th Cir.2004);
 
 Waterfield v. Crosby,
 
 90 Fed.
 
 *237
 
 Appx. 388 (11th Cir.2003). None of these attacks were successful.
 

 The above list may not represent the full extent of Waterfield’s collateral attacks because he has also filed extraoi'dinary writ petitions which may not be reflected by reported case numbers. For example, in 2007, Waterfield filed in this court a petition for -writ of error coram
 
 nobis
 
 and a petition for writ of habeas corpus in case numbers 4D07-2741 and 4D07-2745, respectively. In these cases, Waterfield argued that jurisdiction over his criminal cases never vested in the Charlotte and Lake County circuit courts because records were allegedly not properly transmitted.
 
 Vasilinda v. Lozano,
 
 631 So.2d 1082, 1087 (Fla.1994) (stating that: “Changes of venue in criminal cases do not become effective until the court file has been received in the transferee court”). According to Waterfield, the failure to properly transmit records in 1984 means that jurisdiction never vested in the transferee courts and that his cases remain pending in Indian River County.
 

 In
 
 Lozano,
 
 the Court was asked to determine which appellate court had jurisdiction over certain appellate filings in a criminal case where venue had been transferred.
 
 Id.
 
 at 1084. The principle that Waterfield seizes upon was adopted to resolve
 
 when
 
 the transfer of venue would be deemed complete for purposes of assessing appellate jurisdiction.
 
 Id.
 
 at 1087. The Court did not hold that an alleged insufficiency in the transfer of records could be used to collaterally challenge a circuit court’s subject matter jurisdiction over a criminal offense that was tried a quarter century ago.
 

 We consolidated these frivolous petitions and dismissed them cautioning Waterfield that the filing of frivolous actions such as these would result in sanctions. He then filed three extraordinary writ petitions in the Florida Supreme Court, case numbers SC07-1927, SC07-2094, SC07-2183, which were consolidated for review. The Florida Supreme Court asked this court to respond to Waterfield’s petitions. Following receipt of this court’s response, the Court denied the petitions.
 
 Waterfield,
 
 984 So.2d at 521.
 

 Waterfield then filed in the circuit court for Indian River County the documents at issue in this appeal which again raise the same frivolous and previously denied claim that jurisdiction never properly vested in the transferee courts, that the convictions are void, and that the criminal charges actually remain pending in Indian River County. In conjunction with these documents, Waterfield filed a memorandum of law and other motions demanding an evi-dentiary hearing and seeking to issue subpoenas for witnesses. In his voluminous filings, Waterfield recounts in excruciating detail inconsequential procedural events leading up to and during his trials. His confusing filings allege that error occurred because records were not adequately transferred when some of his many post-conviction challenges were considered or that error occurred at trial.
 

 Neither this court, nor the circuit court, has jurisdiction over these claims. Water-field’s continued attempts to raise trial court errors and to collaterally attack his convictions are grossly untimely and procedurally barred.
 
 See Baker v. State,
 
 878 So.2d 1236, 1242 (Fla.2004) (explaining that rule 3.850 is the exclusive remedy for raising collateral attacks to a conviction and is not available to review ordinary trial court errors cognizable on direct appeal).
 

 Even if these filings had been initiated in a proper forum, these attacks are untimely. Fla. R.Crim. P. 3.850(b). Water-field again claims newly discovered evidence in the form of an affidavit executed by Gore in 1997 that allegedly exonerates
 
 *238
 
 Waterfield for these heinous crimes. The filings explain that this affidavit has previously been raised as newly discovered evidence in a prior rule 3.850 motion. The Second District Court of Appeal initially remanded the case because the trial court had not attached records to support its conclusion that this claim was successive and meritless.
 
 Waterfield, v. State,
 
 736 So.2d 735, 736 (Fla. 2d DCA 1999). Waterfield explains, however, that this claim was again denied on the merits and affirmed on appeal in case number 2D99-02890. He seems to contend that records were not properly transferred when his postconviction motions were considered, but this court has no jurisdiction over such matters.
 

 The circuit court’s order dismissing with prejudice the numerous filings in this case was proper. It appears that, because his collateral attacks have been repeatedly rejected in all other available forums, Water-field seeks to open Indian River County, and this court, as new fronts in his unceasing assault upon the judicial system.
 

 We dismiss this appeal as frivolous and procedurally improper. We also caution Waterfield that another frivolous filing will result in sanctions.
 
 Thurston v. State,
 
 920 So.2d 1229 (Fla. 4th DCA 2006);
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999).
 

 Dismissed.
 

 FARMER, TAYLOR and HAZOURI, JJ., concur.
 

 [1]
 

 . A rule 3.850 motion was the proper vehicle to bring a postconviction challenge in this case.
 
 See Wood v. State,
 
 750 So.2d 592 (Fla. 1999).