PER CURIAM.
Michael Barrett filed a petition for writ of habeas corpus with two claims. The petition was summarily denied. On appeal, he argues that the trial court should have treated his petition as a motion filed under Rule 3.800. We agree in part.
The first issue raised in the petition alleged trial court error in the jury instruction. Because this issue could have been raised on appeal, the claim was not cognizable in a postconviction motion. See Waterfield v. State, 1 So.3d 235, 237 (Fla. 4th DCA 2008). The second issue, however, alleged a discrepancy between the written sentence and the sentence that was orally imposed. In particular, Barrett alleged that the court never orally imposed a habitual felony offender (HFO) designation. Because this type of discrepancy can be challenged in a Rule 3.800(a) motion, we i’everse and remand with direction to treat the claim as such. See State v. Akins, 69 So.3d 261, 268 (Fla.2011) (holding that modification of judgment and sentence to reflect an HFO designation that was not orally pronounced at sentencing violated double jeopardy and constituted an illegal sentence).

Affirmed in part; Reversed in part and Remanded.

GROSS, TAYLOR and LEVINE, JJ., concur.