DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MICHAEL BARRETT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1974

[August 20, 2014]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 98-21430CF10A.

Michael Barrett, Chipley, pro se.

No appearance required for appellee.

WARNER, J.

Appellant challenges the legality of his sentence, claiming that the trial court failed to pronounce him a habitual offender when it mitigated his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Because the trial court did orally pronounce his habitual offender status at the original sentencing, the court properly sentenced him as a habitual offender, and we conclude that the mitigation of his sentencing does not constitute a *de novo* re-sentencing.

Appellant was convicted after trial of second degree murder with a firearm, armed burglary of a dwelling, and attempted robbery with a firearm. The trial court sentenced him to life imprisonment as a habitual felony offender (HFO) for the murder and burglary charges and to a concurrent thirty-year term for the attempted robbery. Within sixty days, appellant moved to mitigate his sentence. The judge granted the motion, mitigating the murder and burglary sentences to thirty-five years' imprisonment. This court affirmed the direct appeal. *Barrett v. State*, 789 So. 2d 1001 (Fla. 4th DCA 2001). After several unsuccessful postconviction motions and petitions, appellant presented his claim that

the trial court failed to orally impose the HFO designation. This court remanded the trial court's initial denial because the claim was cognizable. *Barrett v. State*, 123 So. 3d 665 (Fla. 4th DCA 2013) (citing *State v. Akins*, 69 So. 3d 261, 268 (Fla. 2011) (holding that modification of judgment and sentence to reflect an HFO designation that was not orally pronounced at sentencing violated double jeopardy and constituted an illegal sentence)).

When the state responded to the motion after remand, it attached portions of the transcript from the original sentencing in which the trial court indeed declared and sentenced appellant as a habitual offender. Referencing the transcript, the trial court denied the rule 3.800 motion.

Appellant contends, however, that the trial court never announced the habitual offender designation when it *mitigated* his sentence, which he claims was a *de novo* resentencing. Thus, he argues that the trial court failed to attach documents (the mitigation transcript) to conclusively refute his allegations.

We conclude, however, that his motion is legally insufficient. A reduction of a sentence based upon a motion to mitigate, which motion must be considered within sixty days of sentencing, relates to the original sentencing and does not constitute a new sentencing. It is merely a modification of the original sentence. *See* Fla. R. Crim. P. 3.800(c). Moreover, the motion is discretionary, and no appellate review lies. *See, e.g.*, *Brown v. State*, 954 So. 2d 1253 (Fla. 4th DCA 2007); *Johnson v. State*, 543 So. 2d 1289 (Fla. 4th DCA 1989). Were it a *de novo* sentencing, the appellant would be entitled to an appeal. The mitigation being a part of the original sentencing, the trial court was not compelled to restate the declaration of sentencing as a habitual offender.

*Affirmed.*

DAMOORGIAN, C.J., and STEVENSON, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**