ORDER OF TRANSFER PURSUANT TO CHANGE OF VENUE

PER CURIAM.
This is a non-final appeal from an order granting a motion to transfer venue from the Broward County Circuit Court to the Charlotte County Circuit Court. An appellee has moved to dismiss the appeal on the ground that this court lacks jurisdiction because the appeal should have been taken to the Second District Court of Appeal which has jurisdiction over appeals from the transferee court, the circuit court for Charlotte County.
In Vasilinda v. Lozano, 631 So.2d 1082 (Fla.1994), the Florida Supreme Court recently clarified the question of which is the appropriate appellate court to hear an appeal from an order transferring venue, when the transferor and transferee courts are within different appellate court districts. The supreme court held that appellate court jurisdiction is determined at the time the notice of appeal or petition for writ is filed, and it depends on whether the change of venue has become effective. In civil cases changes of venue do not become effective until the court file has been received in the transferee court and costs and service charges required by section 47.191, Florida Statutes, and Florida Rule of Civil Procedure 1.060 are paid. Va-siUnda.
In the present case the court file was received in the transferee court and the costs and service charges were paid prior to the filing of the notice of appeal. Accordingly the notice of appeal should have been filed in the transferee court and the appeal taken to the Second District Court of Appeal. This does not mean, however, that the appeal should be dismissed as the appellee suggests. Florida Rule of Appellate Procedure 9.040(b) provides:
If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
Appellee North River Insurance Company’s motion to dismiss is denied, and this case is transferred to the Second District Court of Appeal.
ANSTEAD, POLEN and KLEIN, JJ., concur.