ORDER TRANSFERRING APPEAL

VAN NORTWICK, Judge.
Appellants seek reversal of an order of the Hernando County Circuit Court transferring venue of this cause from Hernando County to Leon County. Initially, this appeal was filed in the Fifth District Court of Appeal, but, citing Vasilinda v. Lozano, 631 So.2d 1082 (Fla.1994), the Fifth District Court of Appeal transferred the appeal to this court. Because the change of venue below had not become effective when the notice of appeal was filed and, under the clear language of Vasilinda, 631 So.2d at 1087, appellate jurisdiction in this matter lies solely in the Fifth District Court of Appeal, we transfer this case back to that court. We also certify a *598 question involving our reading of Vasilinda to the Florida Supreme Court.
Appellants are the plaintiffs in an action seeking inverse condemnation and other relief against the State of Florida. The state filed a motion to transfer venue to Leon County, which the Hernando County Circuit Court granted on September 6, 1994. The order provided that the plaintiffs should pay the service charge of the Clerk of Court of Hernando County to effect the transfer, and “that the Clerk of the Circuit Court for Her-nando County is directed to effect said transfer to Leon County upon proof of payment of the service charge.” However, on September 17,1994, before any service charges were paid, the Hernando County Clerk mailed the file to Leon County. The docket reflects that the Leon County Clerk received the file on September 23. According to representations of counsel for appellants, on September 29 the Leon County Circuit Court Clerk advised appellants by telephone that the file had been received in Leon County and that payment of $78.50 in transfer fees was required.
Counsel for appellants further represents that on September 30, 1994, she sent the notice of appeal to the Clerk of the Circuit Court of Hernando County by overnight mail; and, later the same day, she mailed the transfer fee to the Clerk of the Circuit Court of Leon County, along with a letter explaining that a notice of appeal had been filed in Circuit Court in Hernando County, appealing the case to the Fifth District Court of Appeal. The notice of appeal was filed in Her-nando County Circuit Court on October 3, 1994. The transfer fees were received by the Clerk of the Leon County Circuit Court on October 7, 1994.
Eventually, the notice of appeal was forwarded to the Fifth District Court of Appeal. In the meantime, the State of Florida sought to dismiss the appeal in the Fifth District Court of Appeal on the grounds that “the proper forum” for this appeal was the First District Court of Appeal. The state’s motion to dismiss contains a representation that on September 26, 1994, plaintiffs paid the filing fee required by section 47.191, Florida Statutes and Rule 1.060, Florida Rules of Civil Procedure. This representation has not been substantiated in any manner, and all record evidence indicates that the transfer fees were received in Leon County on October 7, 1994. We assume that this representation was made by the state in error.
Whatever the source of this misinformation, it provided the basis for the state’s contention that, since the file was transferred to Leon County and the filing fees were paid before the notice of appeal was filed on October 3, 1994, jurisdiction of this appeal rested in the First District Court of Appeal under Vasilinda. Thereafter, the Fifth District Court of Appeal entered an order denying the state’s motion to dismiss, but transferring the appeal to this court “in accordance with Vasilinda v. Lozano, 631 So.2d 1082 (Fla.1994).”
The supreme court in Vasilinda succinctly spelled out the rule of law that determines both when changes of venue in civil eases become effective and which appellate court has jurisdiction over an interlocutory appeal arising out of the transferred case, as follows:
(1) ... Changes of venue in civil cases do not become effective until the court file has been received in the transferee court and costs and service charges required by section 47.191, Florida Statutes (1991), and Florida Rule of Civil Procedure 1.060 which are applicable to the case are paid.
(2) Appellate jurisdiction is determined at the time the notice of appeal or petition for extraordinary writ is filed. If the change of venue has not yet become effective when the notice or petition is filed, appellate jurisdiction lies in the district court of appeal which serves as the appellate court for the transferor court. That district court of appeal shall retain jurisdiction of the matter before it even though the change of venue is later effected. Once the change of venue has become effective, appellate jurisdiction shall be in the district court of appeal which serves as the district court of appeal for the transferee court, even if the challenged order was entered before the change of venue.
*599 631 So.2d at 1087 (footnotes omitted). Further, the court specifically stated that “even if the order changing venue itself is challenged, appellate jurisdiction will depend upon whether the change has been effected when the notice of appeal is filed.” Id. at footnote 4.
Upon transfer of this appeal to this court, this court sua sponte issued an order to show cause why this appeal should not be either dismissed by this court for lack of jurisdiction or transferred back to the Fifth District Court of Appeal. Upon consideration of the responses filed by the parties, and applying the rule announced in Vasilinda to the facts of the present case, we conclude that, because the notice of appeal was filed in the Hernando County Circuit Court on October 3, 1994, before the transfer fees and costs were paid to Leon County on October 7, 1994, appellate jurisdiction of this cause lies solely in the Fifth District Court of Appeal and not this court. Clearly, under Vasilin-da, in order for the change of venue to become effective, not only must the court file have been received by the transferee court, but the costs and service charges required by section 47.191 and Florida Rule of Civil Procedure 1.060 must also have been paid. Since those costs were not paid to Leon County until October 7, 1994, the change of venue was not effected prior to the filing of the notice of appeal on October 3,1994. As a result, appellate jurisdiction lies solely in the Fifth District Court of Appeal as the appellate court for the Hernando County Circuit Court, the transferor court. See also, Attorney’s Title Insurance Fund, Inc. v. North River Insurance Co., 634 So.2d 731 (Fla. 4th DCA 1994).
We reject any suggestion that, for purposes of the rule announced in Vasilinda, payment of the costs and service charges required by section 47.191, Florida Statutes, and Florida Rule of Civil Procedure 1.060 is deemed to be made on the date of mailing rather than on the date of receipt by the clerk of the transferee court. We agree with appellant that a rule effecting transfer of venue upon mailing of the transfer fees, rather than on receipt of such fees by the transferee court, would be completely unworkable. If appellate jurisdiction transferred on the date of mailing, there would be a period of several days or weeks when appellate jurisdiction would have been effectively transferred, but no one would know it or be able to prove it — not the clerk, not the judge, not the parties, not the court. We believe that the only workable construction of Vasilinda requires payment of fees and costs for purposes of a change of venue in a civil case to occur when a check or other form of payment of the fees and costs are received by the transferee court, not when placed in the mail by one of the parties. See Waits v. Orange Creek Turpentine Corp., 123 Fla. 31, 166 So. 449, 451 (1936) (payment contemplates manual delivery of the sum due or the placing of it within the control of the payee).
Further, to assure, hopefully, that these parties do not remain in jurisdictional limbo between this court and the Fifth District Court of Appeal, pursuant to Article V, section 3(b)(4) of the Florida Constitution, we hereby certify the following question as a question of great public importance:
FOR PURPOSES OF THE RULE ANNOUNCED IN VASILINDA V. LOZA-NO, 631 S0.2D 1082 (FLA.1994), IS THE DATE OF PAYMENT OF THE TRANSFER FEES AND CHARGES THE DATE OF RECEIPT OF SUCH CHARGES BY THE TRANSFEREE COURT OR THE DATE OF MAILING BY THE PARTY RESPONSIBLE FOR PAYMENT?
We decline to follow the suggestion of appellants that we also certify to the Florida Supreme Court the question of whether the rule announced in Vasilinda applies to civil cases, since it is our view that the opinion in Vasilinda expressly holds that the rule is applicable in civil eases. While counsel ably attempts to persuade this court of the many problems inherent in applying Vasilinda to civil cases, we are bound by Hoffman v. Jones, 280 So.2d 431 (Fla.1973), to follow the law as expressly announced in Vasilinda by the Florida Supreme Court. It is not the role of this court to reevaluate the wisdom of a recent decision of the Florida Supreme Court. Dozier v. Wood, 431 So.2d 184, 187 *600 (Fla. 1st DCA 1983); Scott v. Terry, 326 So.2d 73, 74 (Fla. 1st DCA 1976).
BOOTH and JOANOS, JJ., concur.