672 So.2d 28 (1996)
Almeria T. COTTINGHAM, Anne M. Clark, Helen T. Kerr, Hugh C. MacFarlane, William W. Arnold, Charles E. Arnold, and Coastal Caribbean Oils & Minerals, Ltd., a Bermuda corporation, Petitioners,
v.
STATE of Florida, et al., Respondents.
No. 86103.
Supreme Court of Florida.
April 11, 1996.
Susan W. Fox of MacFarlane, Ausley, Ferguson & McMullen, Tampa; and Robert J. Angerer and Robert J. Angerer, Jr. of Angerer & Angerer, P.A., Tallahassee, for Petitioners.
Robert A. Butterworth, Attorney General, and Denis Dean, Chief, Special Projects, Tallahassee, for Respondents.
WELLS, Judge.
We have for review a decision ruling upon the following question certified to be of great public importance:
FOR PURPOSES OF THE RULE ANNOUNCED IN VASILINDA V. LOZANO, 631 SO.2D 1082 (FLA.1994), IS THE DATE OF PAYMENT OF THE TRANSFER FEES AND CHARGES THE DATE OF RECEIPT OF SUCH CHARGES BY THE TRANSFEREE COURT OR THE DATE OF MAILING BY THE PARTY RESPONSIBLE FOR THE PAYMENT?
Cottingham v. State, 656 So.2d 597, 599 (Fla. 1st DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioners initiated an inverse condemnation action against the State of Florida in Hernando County, the county in which the property is located. The State filed a motion to transfer venue to Leon County, which the trial court granted on September 6, 1994. The trial court directed petitioners to pay the transfer fees and directed the Clerk of the Circuit Court for Hernando County (Hernando County Clerk) to effect the transfer to Leon County upon proof of payment of the service charges. However, on September 10, 1994, the Hernando County Clerk mailed the file to Leon County before any service charges were paid. The Clerk of the Circuit Court for Leon County (Leon County Clerk) received the file on September 23, and on September 29, that clerk advised petitioners that they were required to pay transfer fees.
On September 30, 1994, petitioners' counsel sent, by overnight mail, the notice of appeal of this order to the Hernando County Clerk. On the same day, petitioners' counsel sent, by regular mail, the transfer fees to the Leon County Clerk along with a letter explaining that a notice of appeal had been filed in the Hernando County Circuit Court appealing the case to the Fifth District Court of *29 Appeal, the court with appellate jurisdiction over Hernando County. The notice of appeal was filed in the Hernando County Circuit Court on October 3, 1994. The transfer fees were received by the Leon County Clerk on October 7, 1994.
The State moved to dismiss the notice of appeal in the Fifth District, arguing that the proper forum for this appeal was in the First District Court of Appeal. In this motion, the State contended that the plaintiff had paid the filing fees on September 26. Thus, the State claimed that since the file was transferred and the fees were paid before the notice of appeal was filed on October 3, jurisdiction was proper before the First District. The Fifth District agreed that the First District was the appropriate appellate forum and, citing Vasilinda v. Lozano, 631 So.2d 1082 (Fla.1994), transferred the case to the First District.
The First District began its analysis by turning to Vasilinda. See Cottingham v. State, 656 So.2d 597 (Fla. 1st DCA 1995). It found that under Vasilinda, changes of venue in civil cases become effective when the court file is received in the transferee court and costs and service charges required by section 47.191, Florida Statutes (1993),[1] and Florida Rule of Civil Procedure 1.060[2] are paid. See id. at 598. Once the change is effective, appellate jurisdiction is properly in the district court of appeal which serves as the appellate court for the transferee court, even if the order changing venue is at issue. Id. at 599. The First District found that since the transfer was not effective until October 7 and the date of filing the notice of appeal was October 3, the Fifth District properly had appellate jurisdiction over this appeal. Id. The court specifically rejected the argument that payment of the costs and service charges required by section 47.191 and rule 1.060 would be deemed made on the date of mailing rather than the date of receipt by the clerk of the transferee court. However, to ensure a final resolution of this issue, it certified the foregoing question.
The district court in the case addressed the issue by finding:
We reject any suggestion that, for purposes of the rule announced in Vasilinda, payment of the costs and service charges required by section 47.191, Florida Statutes, and Florida Rule of Civil Procedure 1.060 is deemed to be made on the date of mailing rather than on the date of receipt by the clerk of the transferee court. We agree with appellant that a rule effecting transfer of venue upon mailing of the transfer fees, rather than on receipt of such fees by the transferee court, would be completely unworkable. If appellate jurisdiction transferred on the date of mailing, there would be a period of several days or weeks when appellate jurisdiction would have been effectively transferred, but no one would know it or be able to prove it not the clerk, not the judge, not the parties, not the court. We believe that the only workable construction of Vasilinda requires payment of fees and costs for purposes of a change of venue in a civil case to occur when a check or other form of payment of the fees and costs are received by the transferee court, not when placed in the mail by one of the parties.

Cottingham, 656 So.2d at 599.
We agree with the district court's analysis of this issue. To find that the payment is deemed made on the date of mailing would provide undue confusion and inhibit the just, speedy, and inexpensive determination of the action. See Fla.R.Civ.P. 1.010. Accordingly, we answer the certified question by holding that the date of payment of the transfer fees *30 and charges is the date of receipt of such charges by the transferee court. The decision of the district court is approved.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 47.191, Florida Statutes, provides:

Change of venue; payment of costs.No change of venue shall be granted except on condition that the movant, unless otherwise provided by the order of transfer, shall pay all costs that have accrued in the action including the required transfer fee. No change is effective until the costs are paid.
[2] Section (c) of this rule provides:

Method. The service charge of the clerk of the court to which an action is transferred under this rule shall be paid by the party who commenced the action within 30 days from the date the order of transfer is entered, subject to taxation as provided by law when the action is determined. If the service charge is not paid within the 30 days, the action shall be dismissed without prejudice by the court that entered the order of transfer.