QUINCE, J.
We have for review Hernandez v. State, — So.3d -, 2009 WL 3617452 (Fla. 3d DCA 2009), in which the Third District Court of Appeal denied an appellant’s motion to transfer his appeal to another district court, but certified that its decision was in conflict with Cole v. State, 280 So.2d 44 (Fla. 4th DCA 1973), and Stanek-Cousins v. State, 896 So.2d 865 (Fla. 5th DCA 2005). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth in this opinion, we approve Hernandez.
FACTS AND PROCEDURAL HISTORY
This case arises out of the murder trial of petitioner Michael Hernandez. In February 2004, Hernandez was indicted for first-degree murder and attempted first-degree murder in the Eleventh Judicial Circuit in Miami-Dade County. According to the State’s allegations, Hernandez — a fourteen-year-old middle school student at the time of the offenses — murdered a classmate one morning before school using a knife that he had concealed in his backpack. The State alleged that Hernandez had also attempted to kill a different classmate in the same manner the previous day.
Shortly before Hernandez’s trial was scheduled to begin, Judge John Schlesinger of the Eleventh Judicial Circuit granted the defense’s motion for a change of venue, transferring the case to the Ninth Judicial Circuit in Orange County. The court’s order explained that coverage of the case in print, radio, and televised media had been pervasive and that the exposure had impeded efforts to select a jury in Miami-Dade County.
The trial was held in Orlando in September 2008, with Judge Schlesinger presiding.[1] The case was tried on behalf of the State by the State Attorney for the Eleventh Judicial Circuit, while Hernandez was represented by private counsel. The jury found Hernandez guilty of both charged offenses. The next day, Judge Schlesinger entered an order transferring venue back to the Eleventh Judicial Circuit. A sentencing hearing was held in Miami-Dade County on November 7, 2008, and Hernandez was sentenced to life in prison for murder and thirty years in prison for attempted murder. Soon after, Hernandez filed a notice of appeal with the Eleventh Judicial Circuit, seeking review of the judgment and sentences in the Third District Court of Appeal.
On September 8, 2009, Hernandez filed a motion with the Third District requesting that his appeal be transferred to the Fifth District Court of Appeal. Hernandez argued that because his trial was held *1177 in Orlando, the Fifth District, which has jurisdiction over the Ninth Judicial Circuit in Orange County, was the proper court of appellate jurisdiction. Citing this Court’s decision in Vasilinda v. Lozano, 681 So.2d 1082 (Fla.1994), the Third District denied the motion, stating:
[W]e conclude that appellate jurisdiction lies with the Third District Court of Appeal. Although venue was transferred to Orange County due to pre-trial publicity, and venue rested with the Fifth District Court of Appeal during pendency of the trial to rule on any interlocutory motions or petitions entered in Orange County, once the case was transferred back to Miami-Dade County and the Clerk of the Court in Miami-Dade County received the court file, Orange County lost jurisdiction and appellate jurisdiction was transferred to the Third District. This finding is further supported by the fact that post-trial motions, the issuance of the judgment and sentence, and the notice of appeal all occurred in Miami-Dade County after Orange County transferred the case back to and the file was received by Miami-Dade County. Because venue was transferred back to Miami-Dade County and the case was concluded in Miami-Dade County, review of the judgment is properly before the Third District Court of Appeal.
Hernandez v. State, — So.3d -,(Fla. 3d DCA 2009).
The Third District noted, however, that its holding was in conflict with decisions of the Fourth and Fifth District Courts of Appeal. See id. In Cole v. State, 280 So.2d 44 (Fla. 4th DCA 1973), an information was filed against the defendant in Broward County. The Broward County trial court granted a motion for a change of venue, transferring the case to Polk County for trial. After the defendant was convicted by a jury, the trial court signed an order returning the case to Broward County. The judgment and sentence were then entered by the trial judge in Broward County. Id. at 45.
The defendant appealed to the Fourth District, which observed that the location of the trial, Polk County, was outside of its jurisdiction. The Fourth District concluded:
[Ojnce the cause was transferred to and actually tried in the Criminal Court of Record for Polk County, jurisdiction remained in that court for the purpose of adjudication and sentencing. For the purpose of convenience we hold that the order transferring the cause back to the Court of Record for Broward County shall be given effect only as an administrative order for the convenience of the trial judge and the adjudication and sentence shall be treated as an adjudication and sentence of the Court of Record of Polk County, Florida.
Id. (citation omitted). The Fourth District therefore transferred the appeal to the Second District Court of Appeal, which had appellate jurisdiction over the Polk County trial court. Id.
The Fifth District reached a similar conclusion in Stanek-Cousins v. State, 896 So.2d 865 (Fla. 5th DCA 2005). There, the defendant was indicted in the Ninth Judicial Circuit in Osceola County, but the case was transferred to the Fifteenth Judicial Circuit in Palm Beach County for trial. After trial, the Fifteenth Judicial Circuit transferred venue back to Osceola County for sentencing. Id. at 865-66. On appeal, the Fifth District determined that it did not have jurisdiction over the case. Explaining that “[ajppeals from cases tried in Palm Beach County are heard by the Fourth District Court of Appeal,” the Fifth District transferred the appeal to the Fourth District. Id. at 866.
*1178 The Third District certified conflict with Cole and Stanek-Cousins. See Hernandez, — So.3d at -. We granted review to resolve the issue of which district court of appeal has appellate jurisdiction when a defendant has been tried and convicted in a trial court within the jurisdiction of one district court, but where the judgment and sentence have been entered in a trial court within the jurisdiction of a different district court.
ANALYSIS
The effect of a transfer of venue on the jurisdiction of the impacted trial courts is generally undisputed. The transferor court is divested of jurisdiction and thereafter lacks authority to enter any orders or take any further action in the case. The transferee court becomes vested with the same jurisdiction that was previously vested in the transferor court, and thereafter holds authority over the cause that is as full and complete as if the action had been initiated there. See Davis v. Florida Power Corp., 486 So.2d 34, 35 (Fla. 2d DCA 1986); Univ. Fed. Sav. & Loan Ass’n v. Lightbourn, 201 So.2d 568, 570 (Fla. 4th DCA 1967).
Appellate jurisdiction follows the jurisdiction of the trial court. In Vasilin-da, as in the present case, the defendant committed the charged offenses in Miami and was indicted in the Eleventh Judicial Circuit, but venue was transferred to the Ninth Judicial Circuit in Orlando due to concerns over pretrial publicity. See 631 So.2d at 1084. This Court had previously entered an order designating the Eleventh Circuit trial judge, Judge W. Thomas Spencer, as a temporary judge of the Ninth Circuit for the purpose of allowing him to preside over the trial in Orlando. Prior to trial, Judge Spencer entered an order prohibiting the media from publicly identifying jurors. A television journalist filed a motion requesting a partial modification of the order, but the motion was denied. The journalist appealed to the Third District, which transferred the appeal to the Fifth District based on that court’s jurisdiction over cases tried in the Ninth Circuit. See id.
However, the Fifth District expressed uncertainty as to whether it was the proper court to hear the appeal, stating:
[T]he orders to be reviewed are styled in the Eleventh Judicial Circuit, appear to be filed in the Eleventh Judicial Circuit, and were entered in Miami, Dade County, Florida in the Eleventh Circuit. The Supreme Court order assigning Judge W. Thomas Spencer of the Eleventh Circuit to hear, conduct, try and determine the case as a temporary judge of the Ninth Circuit does not specifically designate this court to hear any interlocutory orders in the cause.
Vasilinda v. Lozano, 618 So.2d 758, 759 (Fla. 5th DCA 1993).
To avoid any future jurisdictional disputes, the Fifth District refrained from deciding the issue and instead certified the following question to this Court as a matter of great public importance:
WHEN THE VENUE OF A CRIMINAL CASE IS CHANGED AND THE CASE TRANSFERRED TO A CIRCUIT COURT IN A DIFFERENT APPELLATE DISTRICT THAN THE ORIGINATING COURT, AND THE CIRCUIT JUDGE WHO ENTERED THE ORDER IS ASSIGNED AS A JUDGE OF THE TRANSFEREE CIRCUIT, IS APPELLATE JURISDICTION FOR INTERLOCUTORY AND FINAL REVIEW VESTED IN THE DISTRICT COURT OF APPEAL WHICH HAS JURISDICTION OVER THE ORIGINATING CIRCUIT COURT OR IS JURISDICTION VESTED IN THE DISTRICT COURT *1179 WHICH HAS JURISDICTION OVER THE TRANSFEREE COURT IN WHICH THE TRIAL IS TO BE HELD, AND AT WHAT POINT IN TIME DOES APPELLATE JURISDICTION VEST?
Id. at 759.
This Court began its analysis by stating: “It seems to be a generally accepted principle that when venue is transferred to another jurisdiction and the case is concluded in the new jurisdiction, review of the final order or judgment is properly commenced in the appellate court which has jurisdiction over the transferee court.” Vasilinda, 631 So.2d at 1085. We observed, however, that “[wjith respect to review of interlocutory orders, the cases are in disarray.” Id. Reviewing the existing precedent on the issue, we found that the confusion was caused in part by a conflict in our own cases over the issue of when a change of venue actually takes effect. See id. at 1086-87 (discussing Ammons v. State, 9 Fla. 530 (1861), and Swepson v. Call, 13 Fla. 337 (1869)).
Finding that the cases could not be fully reconciled, we set out several principles to govern determinations of appellate jurisdiction following transfers of venue. First, regarding the actual moment a transfer of venue from one trial court to another takes effect, we held:
Changes of venue in criminal cases do not become effective until the court file has been received in the transferee court. Changes of venue in civil cases do not become effective until the court file has been received in the transferee court and costs and service charges required by section 47.191, Florida Statutes (1991), and Florida Rule of Civil Procedure 1.060 which are applicable to the case are paid.
Vasilinda, 631 So.2d at 1087.[2]
Second, regarding the moment the jurisdiction of the appellate court should be determined, we stated:
Appellate jurisdiction is determined at the time the notice of appeal or petition for extraordinary writ is filed. If the change of venue has not yet become effective when the notice or petition is filed, appellate jurisdiction lies in the district court of appeal which serves as the appellate court for the transferor court. That district court of appeal shall retain jurisdiction of the matter before it even though the change of venue is later effected. Once the change of venue has become effective, appellate jurisdiction shall be in the district court of appeal which serves as the district court of appeal for the transferee court, even if the challenged order was entered before the change of venue. Of course, the time for filing appeals and petitions for certiorari shall run from the date of the challenged order.
Id. (footnote omitted). We also noted that “even if the order changing venue itself is challenged, appellate jurisdiction will depend upon whether the change has been effected when the notice of appeal is filed.” Id. at 1087 n. 4.
Applying those principles to the circumstances presented in Vasilinda, we concluded that “[bjecause jurisdiction was already vested in the Ninth Judicial Circuit when petitioner filed his notice of appeal, the Fifth District Court of Appeal was the proper court for appellate jurisdiction.” Id. at 1087. We further stated: “The fact that after the change of venue Judge Spencer entered the challenged order in *1180 Miami under the style of the Eleventh Judicial Circuit does not change our conclusion.” Id.
Although Vasilinda concerned an initial transfer of venue, while the instant case concerns a transfer of venue back to the court of original jurisdiction, we conclude that the principles we set out in Vasilinda should continue to apply if and when a case is returned to the originating court. Thus, in determining appellate jurisdiction, the relevant issue is not where the defendant was tried and convicted, but rather whether the transfer of venue was complete at the time the notice of appeal was filed.
The application of these principles to this case is clear. Despite the fact that Hernandez was tried and convicted in the Ninth Judicial Circuit in Orlando, Judge Schlesinger entered the order returning venue to the Eleventh Judicial Circuit immediately after the trial was completed. Once that order was issued and the court file was received by the clerk of the Eleventh Circuit, the Ninth Circuit was divested of authority to take any action at the trial level. Likewise, the Fifth District was divested of appellate jurisdiction, which thereafter rested with the Third District for all subsequent matters in the case.[3] Therefore, we find that review of the judgment and sentences in this case is within the appellate jurisdiction of the Third District.
CONCLUSION
We hold that once an order transferring venue has been entered by the transferor court and the court file has been received by the clerk of the transferee court, appellate jurisdiction becomes vested in the district court with jurisdiction over the transferee court for all subsequent matters in the case. This rule applies both to an initial transfer of venue and to any subsequent transfer back to the court of original jurisdiction. Accordingly, we approve the decision of the Third District in Hernandez and disapprove the decisions of the Fourth and Fifth Districts in Cole and Stanek-Cousins to the extent that they are inconsistent with this opinion.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.

. See Fla. R. Jud. Admin. 2.260(b) ("The presiding judge from the originating court shall accompany the change of venue case, unless the originating and receiving courts agree otherwise.”).

. In Cottingham v. State, 672 So.2d 28 (Fla.1996), we clarified that in determining when a transfer of venue has been effected in a civil case, costs and service charges are considered paid on the date they are received by the transferee court.

. As the Third District correctly observed, however, had an appeal from any interlocutory orders or petitions entered in Orange County been filed prior to the transfer back to the Eleventh Circuit, appellate jurisdiction in that particular matter would have remained with the Fifth District. See Hernandez, — So.3d at -; see also Vasilinda, 631 So.2d at 1087 ("If the change of venue has not yet become effective when the notice or petition is filed, appellate jurisdiction lies in the district court of appeal which serves as the appellate court for the transferor court.”).