PER CURIAM.
In this interlocutory appeal, the appellant, Leon Rife (Rife), argues that the trial court for the Fourth Judicial Circuit in and for Duval County abused its discretion in granting a motion to transfer venue filed by the appellee, A.W.A. Contracting Company, Inc. (AWA). We affirm the trial court’s order.
Rife, as personal representative of the Estate of Joel Rife (the decedent), filed a wrongful death complaint in Duval County against AWA. AWA subsequently filed a motion to transfer venue pursuant to section 47.122, Florida Statutes (2010). AWA ai'gued that the action should be transferred to Putnam County because the incident occurred in Putnam County, Rife, the decedent, and all potential statutory survivors resided in Putnam County, and the majority of the potential witnesses were also located in Putnam County. In support of its motion, AWA attached the Petition for Administration from the Putnam County probate case. After conducting two hearings on the motion, the trial court granted AWA’s motion and ordered that the action be transferred to Putnam County.
Rife simultaneously filed interlocutory appeals of the order in both this Court and the Fifth District Court of Appeal (DCA). AWA moved to dismiss the appeal in the Fifth DCA, arguing that jurisdiction was proper in this Court as the appellate court with jurisdiction over Du-val County. Rife responded, arguing that jurisdiction was proper in the Fifth DCA under Hernandez v. State, 64 So.3d 1175 (Fla.2011), because the transfer had already been effected and jurisdiction vested in Putnam County by the time the notice of appeal was filed.[1]
Hernandez involved a question of appellate jurisdiction wherein the defendant was indicted for first-degree murder and attempted first-degree murder in the Eleventh Judicial Circuit in and for Miami-Dade County, was tried in the Ninth Judicial Circuit in and for Orange County, and was sentenced in the Eleventh Judicial Circuit. Id. at 1176. The defendant filed a notice of appeal in the Eleventh Judicial Circuit seeking review of his judgment and sentence in the Third DCA. Id. Later, the defendant filed a motion with the Third DCA requesting that his appeal be transferred to the Fifth DCA because his trial was conducted in Orange County. Id. at 1177. The Third DCA denied the motion concluding that venue was transferred back to Miami-Dade and the case was concluded in Miami-Dade; therefore, review of the judgment and sentence was properly before the Third DCA. Id.
On appeal, the Supreme Court held that, despite the fact the defendant was tried and convicted in the Ninth Judicial Circuit, the case was transferred back to the Eleventh Judicial Circuit immediately. Id. at 1180.
Once that order was issued and the court file was received by the clerk of the Eleventh Circuit, the Ninth Circuit was divested of authority to take any action at the trial level. Likewise, the Fifth District was divested of appellate jurisdiction, which thereafter rested with the Third District for all subsequent matters in the case.

Id.

In reaching this conclusion, the Supreme Court stated:
*71 Although [Vasilinda v. Lozano, 631 So.2d 1082 (Fla.1994),] concerned an initial transfer of venue, while the instant case concerns a transfer of venue back to the court of original jurisdiction, we conclude that the principles we set out in Vasilinda should continue to apply if and when a case is returned to the originating court. Thus, in determining appellate jurisdiction, the relevant issue is not where the defendant was tried and convicted, but rather whether the transfer of venue was complete at the time the notice of appeal was filed.
Hernandez, 64 So.3d at 1180.
Hernandez articulated the principles set out in Vasilinda as follows:
First, regarding the actual moment a transfer of venue from one trial court to another takes effect, we held:
Changes of venue in criminal cases do not become effective until the court file has been received in the transferee court. Changes of venue in civil cases do not become effective until the court file has been received in the transferee court and costs and service charges required by section 47.191, Florida Statutes (1991), and Florida Rule of Civil Procedure 1.060 which are applicable to the case are paid.
Vasilinda, 631 So.2d at 1087. FN2
FN2. In Cottingham v. State, 672 So.2d 28 (Fla.1996), we clarified that in determining when a transfer of venue has been effected in a civil case, costs and service charges are considered paid on the date they are received by the transferee court.
Second, regarding the moment the jurisdiction of the appellate court should be determined, we stated:
Appellate jurisdiction is determined at the time the notice of appeal or petition for extraordinary writ is filed. If the change of venue has not yet become effective when the notice or petition is filed, appellate jurisdiction lies in the district court of appeal which serves as the appellate court for the transferor court. That district court of appeal shall retain jurisdiction of the matter before it even though the change of venue is later effected. Once the change of venue has become effective, appellate jurisdiction shall be in the district court of appeal which serves as the district court of appeal for the transferee court, even if the challenged order was entered before the change of venue. Of course, the time for filing appeals and petitions for certiorari shall run from the date of the challenged order.
Vasilinda, 631 So.2d at 1087 (footnote omitted).
We also noted that “even if the order changing venue itself is challenged, appellate jurisdiction will depend upon whether the change has been effected when the notice of appeal is filed.” Id. at 1087 n. 4.
Hernandez, 64 So.3d at 1179 (quoting Va-silinda, 631 So.2d at 1087).
We find that Hernandez is not applicable to the instant case. In 2000, Florida Rule of Appellate Procedure 9.040 was amended to clarify the procedure announced in Vasilinda. See Amendments to the Fla. Rules of Appellate Procedure, 780 So.2d 834 (Fla.2000). Rule 9.040(b)(2) provides, in part:
(2) After a lower tribunal renders an order transferring venue, the appropriate court to review otherwise reviewable non-final orders is as follows:
(A) After rendition of an order transferring venue, the appropriate court to review the non-final venue order, all other reviewable non-final orders rendered prior to or simultaneously with the venue order, any order staying, vacating, or modifying the transfer of ven *72 ue order, or an order dismissing a cause for failure to pay venue transfer fees, is the court that would review non-final orders in the cause, had venue not been transferred.
(Emphasis added.)
As the appellate court with jurisdiction over the Fourth Judicial Circuit in and for Duval County, we have jurisdiction over the interlocutory appeal of the order transferring venue. See id.
An order transferring venue pursuant to section 47.122 is reviewed for abuse of discretion. See Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983). Here, the parties agree that venue is proper in either Duval County, where AWA maintains a place of business, or Putnam County, where the cause of action accrued. See § 47.051, Fla. Stat. (2010). Despite Rife’s arguments to the contrary, the record contains competent, substantial evidence to support the trial court’s order transferring venue to Putnam County as the more convenient forum. Accordingly, we find no abuse of discretion.
AFFIRMED.
THOMAS, ROBERTS, and MARSTILLER, JJ., concur.

. The Fifth DCA denied the motion to dismiss.