NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROY ALLEN STEPHENS, DOC #C12003,  )
                                  )

        Appellant,             )

                                    )

v.                                   )     Case No. 2D17-4964

                                    )

STATE OF FLORIDA,            )

                                    )

        Appellee.             )

_____)


Opinion filed September 20, 2019.

Appeal from the Circuit Court for Polk
County; Andrew J. Decker, III, Judge.

J. Jervis Wise of Brunvand Wise, P.A.,
Clearwater, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa, for
Appellee.


ORDER TRANSFERRING APPEAL


SILBERMAN, Judge.

        After review of the parties' responses to this court's order to show cause of

August 5, 2019, we conclude that the Second District Court of Appeal does not have

jurisdiction and that this appeal must be transferred to the First District Court of Appeal.

The Appellant Roy Allen Stephens was indicted in Polk County, and he elected venue in Hamilton County pursuant to section 910.03(1), Florida Statutes (2016), and article I, section 16, of the Florida Constitution. On December 2, 2016, Judge Harb in Polk County entered the Order on the Defendant's Election of Venue that transferred Polk County case 2014CF-009885-XX to the Third Judicial Circuit, Hamilton County, Florida, with Judge Andrew J. Decker, III, presiding. The order is also reflected in the Polk County docket contained in our record. On August 2, 2017, the Polk County docket shows "RECEIPT OF FILE RECEIVED IN HAMILTON COUNTY." The record reflects that a Hamilton County case number was assigned, 17000206CFAXMX.

Judge Decker presided over the trial in Hamilton County and sentenced Stephens. Judge Decker signed the judgment and sentences, but they, along with most of the documents in our record, list the Tenth Judicial Circuit in and for Polk County with the Polk County case number. The Polk County docket does not show an order that transfers the venue from Hamilton County back to Polk County.

A transfer of venue divests the transferor court of jurisdiction and vests jurisdiction in the transferee court. Hernandez v. State, 64 So. 3d 1175, 1178 (Fla. 2011). "Appellate jurisdiction follows the jurisdiction of the trial court." Id. The relevant question regarding appellate jurisdiction is "whether the transfer of venue was complete at the time the notice of appeal was filed." Id. at 1180; see also Vasilinda v. Lozano, 631 So. 2d 1082, 1087 (Fla. 1994). In Hernandez, the Florida Supreme Court held as follows:

> [O]nce an order transferring venue has been entered by the transferor court and the court file has been received by the clerk of the transferee court, appellate jurisdiction becomes vested in the district court with jurisdiction over the

- 2 -

> transferee court for all subsequent matters in the case. This rule applies both to an initial transfer of venue and to any subsequent transfer back to the court of original jurisdiction.

64 So. 3d at 1180.

An order was rendered on December 2, 2016, transferring the case from Polk County to Hamilton County. The Polk County docket indicates that Hamilton County received the case file on August 2, 2017. Stephens filed his notice of appeal on December 7, 2017, and the docket does not indicate that an order was entered transferring venue back to Polk County. Thus, venue remained in Hamilton County when Stephens filed his notice of appeal.

The First District Court of Appeal, having jurisdiction over appeals from Hamilton County, has jurisdiction over the present appeal. Therefore, the Second District Court of Appeal lacks jurisdiction, and this appeal is hereby transferred to the First District Court of Appeal.

VILLANTI and SLEET, JJ., Concur.